### Vesta Gordon v. Edward Gordon.

1. BENEFICIARY—*extent of interest in benefit certificate.* A beneficiary named in a benefit certificate has no vested interest therein; until the death of the insured the extent of his interest is that of a mere expectancy.

2. BENEFICIARY—*how change of, to be made.* The change in the beneficiary named in a benefit certificate must, in the absence of a waiver by the society or proof of inability of compliance by the insured, be made in the manner provided by the certificate in order to be effectual, even where the question arises upon a bill of interpleader filed by the society. (Martin v. Stubbings, 126 Ill. 387, explained.)

Bill of interpleader. Appeal from the Circuit Court of Sangamon County; the Hon. James A. Creighton, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

JAMES E. DOWLING and ROBERT H. PATTON, for appellant.

PERRY & MORGAN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a bill of interpleader brought by the Court of

Honor, a fraternal beneficiary society organized under the laws of Illinois, against Vesta Gordon, widow of Daniel Gordon, and Edward Gordon, brother of said Daniel Gordon, praying that said defendants be required to interplead as to their respective rights to a fund of $1,900, which complainant brought into court and admitted to be due upon a benefit certificate for $2,000, issued by it to said Daniel Gordon, February 6, 1900. Appellant and appellee, defendants to said bill, filed their separate answers, each claiming the fund in question, and thereupon the court entered an interlocutory decree adjudging that the bill of interpleader was properly filed and dismissing the complainant with its costs, without prejudice to either of the defendants. The cause was heard by the chancellor upon proofs taken in open court, and a decree entered awarding the fund in controversy to appellee, less seventy-five dollars allowed complainant's solicitor.

The claims of appellant and appellee, respectively, to the fund in question, arise out of a state of facts substantially as follows: Daniel Gordon became a member of the Court of Honor March 1, 1899, when a benefit certificate for $2,000 was issued to him, payable to his mother, Mary Gordon. This certificate was surrendered to the society August 10, 1899, and another for the same amount issued, payable to his wife, Minnie Gordon, and after her death, December 7, 1899, the certificate in controversy was issued payable to appellee. September 16, 1902, Daniel Gordon married appellant, and they lived together as husband and wife from thence until his death, December 17, 1903. There is evidence tending to show that shortly after the marriage of Daniel Gordon to appellant, he gave the certificate to appellant, saying to her, "Vesta, I gave you this policy and you never put it away; it is yours; take it and put it away;" that appellant took the certificate and placed it in the middle drawer of a dresser; that upon one or more occasions he said he had given the certificate to appellant but had neglected to have it transferred and would attend to it the first chance he had; that he was going to have the certifi-

Gordon v. Gordon.

cate changed from his brother's to his wife's name, when he could get time. There is also evidence tending to show that for some time before the death of her husband, appellant paid assessments or dues upon the certificate out of her own earnings. On behalf of appellee, there is evidence tending to show that at the time the certificate in question was made payable to him, it was in pursuance of an agreement with his brother Daniel, that appellee would take out a like certificate payable to Daniel, and that appellee obtained such a certificate and kept it in force. Upon the death of Daniel Gordon, appellee, as the beneficiary named in the certificate, obtained the same from appellant, and having made satisfactory proofs of death, presented said certificate to the society and received thereon the advance payment of $100 provided to be paid to the beneficiary by the by-laws of the society.

The provision in the by-laws of the society for a change of beneficiaries in the certificate is as follows: "If any member in good standing at any time desires a change in the name of his beneficiary or beneficiaries, he shall pay to the recorder a fee of one dollar and deliver to him his benefit certificate with written surrender on the back thereof, and directions as to the change desired in the name of the beneficiary. The recorder shall then forward the same, with said fee of one dollar, to the supreme recorder, who shall thereupon issue a new certificate, as requested."

It is insisted by appellant, first, that a mutual benefit certificate, while not assignable at law, is assignable by the insured, as a chose in action, and such assignment will be enforced in equity; second, that the evidence in this case establishes a parol assignment of the certificate by Daniel Gordon to appellant, and that such parol assignment was effectual to vest in appellant, as beneficiary, upon the death of her husband, a right to the benefit fund; third, that there is no express prohibition in the by-laws against the exercise by Daniel Gordon of his right to change the beneficiary in the certificate, except in the way provided in such by-laws, and that in the absence of such prohibition,

the delivery of the certificate accompanied with words indicating an intention to designate appellant as the beneficiary therein, is sufficient to constitute a change of beneficiary, and thereby vest a right to the fund in appellant; and fourth, that where, as in this case, the society files its bill of interpleader and brings the fund into court it must be held to waive a compliance with the forms prescribed by its by-laws for changing beneficiaries and to submit to the court the determination of the rights of the contending parties according to their respective equities. Other contentions are urged by appellant but a consideration of the foregoing is decisive of the question involved.

The benefit certificate in question constituted a contract between the Court of Honor and Daniel Gordon, whereby the former, in consideration of a compliance by the latter with the constitution, laws, rules and regulations of the order and the constitution and by-laws of the district court, then or thereafter in force, agreed, upon the death of the latter, to pay to the beneficiary named therein, the sum of $2,000 out of the benefit fund. Appellee, as the beneficiary named in the certificate, acquired no vested rights in the benefit fund until the death of his brother Daniel. During the lifetime of Daniel, appellee had but a naked expectancy, and Daniel, as the insured, the right to change the beneficiary in the certificate. Delaney v. Delaney, 175 Ill. 187. The designation of another beneficiary by a member holding a certificate, or a change of the beneficiary named in the certificate, is a matter of contract between the original contracting parties, the insured member and the society, and where the mode of changing the beneficiary is designated in the certificate, it must, in the absence of a contract recognizing another mode as effecting a change, be substantially complied with. Delaney v. Delaney, *supra.*

The use of the word assignment, as designating the act of changing the beneficiary in the certificate in question, involves a misnomer and confusion of terms. Appellant inaptly invokes principles applicable to the assignment of choses in action in equity, as controlling in the case at bar.

Strictly speaking, Daniel Gordon had no right of property, by virtue of the certificate in question, in the benefit fund payable at his death, which he could assign either at law or in equity. Niblack on Ben. Soc. & Acc. Ins., sec. 173. His contract with the Court of Honor, as expressed in the certificate, authorized him to designate a beneficiary and to change such beneficiary at any time during his life, in the mode prescribed in its articles of incorporation. This right to designate or change the beneficiary was a right personal to Daniel Gordon, not assignable, and to be exercised by him in his lifetime, in the mode prescribed, or in any other method to which the society must be held to have given its assent. Expressions in Martin v. Stubbings, 126 Ill. 387, suggestive of the holding of a contrary view, were not necessary to the decision of that case, and cannot be held as controlling in the case at bar. In the Martin case the right of the member to change the beneficiary was reserved to him, to be exercised as he should order in his lifetime or by will. No particular mode of changing a beneficiary involving the assent of the society was provided or required. The right of a member of a society, such as the one which filed the bill in this case, to change a beneficiary is considered at length in Supreme Conclave v. Cappella, 41 Fed. Rep. 1. It is there said that the general rule that a change of beneficiaries in a benefit certificate must be made in the manner pointed out by the rules of the association, any material deviation from which will invalidate the transfer, is subject to three exceptions, as follows: first, if the society has waived a strict compliance with its own rules and in pursuance of a request of the insured to change his beneficiary has issued a new certificate to him, the original beneficiary will not be heard to complain that the course indicated by the regulations was not pursued; second, if it be beyond the power of the insured to comply literally with the regulations, a court of equity will treat the change as having been made; and third, if the insured has pursued the course pointed out by the laws of the association, and has done all in his power to change the bene-

ficiary, but before the new certificate is actually issued, he dies, a court of equity will decree that to be done which ought to be done and act as though the certificate had been issued. The foregoing statement of the principles governing the rights of members and beneficiaries in fraternal insurance societies, is amply supported by the authorities (Grand Lodge A. O. U. W. v. Noll, 15 L. R. A., note; Lahey v. Lahey, 174 N. Y. 146; Fink v. Fink, 171 N. Y. 616), and commends itself to our judgment as being based upon sound reason. In view of the multitude of fraternal insurance societies in existence at the present day, their thousands of members and beneficiaries and the great volume of litigation continually arising involving their relative rights, duties and obligations, it is important the courts should lay down and adhere to certain elementary general principles determining those rights, duties and obligations. If the individual views of each judicial tribunal as to the equities involved in a particular case are to be decisive of the rights of the parties, the confusion resulting will be great, and uncertain litigation involving needless expense and delay will be fostered.

There is no evidence in this case tending to show that Daniel Gordon did any act required to be done by the by-laws of the society, to effect a change of beneficiaries in his certificate, nor does it appear that he was unable to comply with those requirements in any particular. The society had no notice or knowledge of a desire or intention on the part of Daniel Gordon to change the beneficiary in his certificate, so it cannot be said to have waived a compliance by him with its rules and regulations or to have recognized, in any way, during his lifetime, appellant's rights as beneficiary. On the other hand, the evidence shows that after the death of Daniel Gordon, the society recognized appellee as the beneficiary entitled to the fund, by giving him $100 as an advance payment thereon.

While, during the lifetime of a member, the beneficiary named in the certificate has no vested rights in the benefit fund, upon the death of the member the rights, if any, of

the beneficiary become vested and the society is powerless to do any act prejudicial to the rights of such beneficiary, or that can operate as a waiver of a compliance with any of its rules and regulations. It must be held, therefore, that the filing of the bill of interpleader in this case and bringing the fund in question into court, by the society, did not operate to waive a compliance by Daniel Gordon with the requirements of the by-laws respecting a change of beneficiaries. Niblack, id. secs. 222, 354.

The chancellor properly awarded the fund in question to appellee and the decree will be affirmed.

*Affirmed.*