## John Edward Stake v. Ellen Stake.

### Gen. No. 12,947.

1. FRATERNAL BENEFIT SOCIETY—*who entitled to proceeds of certificate issued by.* The designated beneficiary is entitled to the proceeds arising from a benefit certificate and it is not within the power of one claiming such proceeds as the widow of a deceased member to raise the question of the ineligibility of such designated beneficiary, such question not being urged by the society.

2. FRATERNAL BENEFIT SOCIETY—*effect of marriage of member upon certificate issued by.* The marriage of a member of a fraternal benefit society to whom a benefit certificate has been issued does not operate to affect in any way the certificate issued to him or the rights of the beneficiary designated in such certificate.

FREEMAN, J., dissenting in part.

Bill of interpleader. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Reversed and remanded with directions. Opinion filed March 5, 1907.

Statement by the Court. On July 12, 1900, Alfred Stake, then unmarried, received a member's certificate issued by the Independent Order of Svithiod, complainant below, by which it undertook upon his death to pay $1,000 to his brother John Edward Stake, appellant, provided said certificate should not have been surrendered and another certificate issued at his request in accordance with the laws of the order; and upon condition that said member complied with the laws, rules and regulations then governing said order or that might be enacted by the grand lodge.

On October 25, 1900, Alfred Stake married appellee, and on May 2, 1903, died in good standing in said order. Appellee Ellen Stake, made a demand for the payment of the $1,000 to her, and complainant filed its bill of interpleader against appellant and appellee, setting up the foregoing facts, and admitted in its bill its liability to appellant or appellee on said certificate.

Ellen Stake answered the bill admitting its allegations, and alleging that after his marriage Alfred Stake did no affirmative act which could be construed to be a new designation or an affirmance of the designation made while single; and that upon his marriage such prior designation became null and void; and that said certificate is an asset of the estate of Alfred Stake, deceased.

The bill by amendment included the material allegations of the answer of Ellen Stake. Appellant, John Edward Stake, answered admitting the issuance of the certificate, the marriage of Alfred Stake with appellee, and claiming that complainant became obligated to pay the $1,000, and that he, as designated beneficiary, is entitled to the sum in controversy.

A decree was entered allowing complainant to pay $1,047.36, being the amount mentioned in the certificate, with $107.36 as interest added, less $60, costs and attorneys' fees allowed to the complainant, and thereupon complainant be dismissed out of the case. The decree also ordered the defendants to interplead and that their answers stand as interpleas.

The cause was submitted upon an agreed state of facts and the Superior Court by its decree awarded one-half of the fund to each defendant.

CHARLES H. HAMILL and CHARLES H. PEASE, for appellant.

FRANCIS A. McDONNELL, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The contention of the parties to this appeal is that each is entitled to the whole fund paid into court by the complainant.

It is contended by appellee under the cross errors assigned by her that the complainant society has no greater powers than those enumerated in its charter,

and that its powers were not broadened by the license secured in 1901 to continue business under the Act of 1893. And appellee further contends that the designated beneficiary is not a "devisee" of a member, and therefore the fund in question is a part of the deceased member's estate.

The theory of appellant on the other hand is that the certificate was within the powers of the society when issued and that nothing was done by either of the parties and nothing happened which effected a change in the beneficiary.

The record shows that the complainant society was formed by filing on or about August 30, 1881, an application with the Secretary of State of Illinois for a corporation not for pecuniary profit under chapter 32 of the Revised Statutes of Illinois, in which the business and objects for which said corporation was formed were stated as follows:

"1st. For the purpose of assisting its members when sick, and during its continuance, in accordance with by-laws to be established hereafter.

"2nd. Upon the decease of any member to levy an assessment upon every member of any amount to be established by the by-laws to be hereafter enacted as aforesaid, said amount payable to the widows, orphans and devisees of said member."

By section 4 of article XVI of the laws, rules and regulations of the society it is provided as follows:

"The person or persons who are mentioned in the death benefit certificate are primarily entitled to the death benefit; still, a member shall have the right to designate as beneficiary only some member or members of his family, his affianced wife, or some person or persons related to him by blood or dependent upon him for their support."

Section 8 of the same article provides:

"If no valid death benefit certificate has been issued, or if the person or persons whom the member has designated as beneficiaries in the certificate are not at the time of the death of the member entitled to take

as beneficiaries according to section 4 of this article, or have died prior to the death of the member, the death benefit shall be distributed in the following way: First. The member's widow. Second. The member's children. Third. The next of kin of the member, according to the laws of the State of Illinois.''

It is urged by appellee that appellant, the designated beneficiary, is not a ''devisee'' of the member, and as the beneficiary could under the charter qualify only as a ''devisee'' if he lacks that qualification, the designation, being questioned by one showing a better title, must fail.

It is to be observed that the question presented here is not to be considered as between appellant and the complainant society. The question presented is between appellant and appellee. The complainant society admits its liability and has brought the fund into court, and the only question now is to which of the two parties, appellant or appellee, the money admitted to be due shall be paid.

Appellee seeks to show her title to the money by the fact that subsequently to the issuance of the certificate designating appellant as the beneficiary she became the wife of Alfred Stake, and that appellant was not a ''devisee'' of a member under the charter of the complainant society; and therefore, as a fund which is a part of the estate of Alfred Stake, deceased, but subject to a trust imposed upon it by said deceased, and the charter and by-laws of the society, it is payable to her. This, in our opinion, is not sufficient to show title to the fund in appellee.

The argument of counsel for appellee does not claim that the fund should be paid to appellee by virtue of section 8 of article XVI above quoted, which provides that under certain conditions the death benefit shall be paid to the widow, but the contention is broadly made that it should be paid to the widow because the designated beneficiary is not a devisee of a member under the charter powers of the complainant society, and

the fund is legally a part of decedent's estate. But, if it be conceded, for the sake of the argument, that the fund is a part of the estate, the administrator, not the widow, would be the party entitled to receive the fund. It cannot be maintained, however, that the deceased, as a member of the complainant society under the contract in question had any interest or property in the benefit at the time of his death. He had simply the power to change the designation and appoint someone to receive it. If the deceased had only a power and not a vested interest or property in the benefit to accrue only at his death it was not an asset to be classed among the assets to be inventoried by an administrator. Bacon on Benefit Societies, sec. 237; Martin v. Stubbings, 126 Ill. 387. The theory and argument advanced in behalf of appellee, therefore, fails to show any title or right in appellee to the fund in question.

The right of appellant as the designated beneficiary in the certificate before us cannot be challenged by appellee, we think, on the ground that the certificate is not within the scope and purpose of the charter of the complainant society. Johnson et al. v. Van Epps, 110 Ill. 551, 563.

That the certificate was made payable to appellant direct instead of being assigned to him or the benefit or fund devised to him by will did not affect his right thereto. Benefit Association v. Blue, 120 Ill. 121-127.

The marriage of Alfred Stake with appellee after the issuance of the certificate did not affect in any way the certificate or the rights of appellant thereunder which became vested upon the death of Stake. Highland v. Highland, 109 Ill. 366, 373, 374; Benton v. Brotherhood of Railroad Brakemen, 146 id. 570; Gordon v. Gordon, 117 Ill. App. 91; Spry v. Williams, 82 Ia. 61.

We are of the opinion therefore that the decree of the Superior Court, in so far as it awards a portion of the fund to appellee, is without foundation in law

or equity and is erroneous. The decree should have awarded the entire fund to appellant.

The decree is therefore reversed and the cause remanded, with directions to the Superior Court to enter a decree in conformity to the views herein expressed.

*Reversed and remanded with directions.*

JUSTICE FREEMAN: I concur in the view that the decree is erroneous, but dissent from the conclusion.