## Modern Woodmen of America, Complainant, v. Mary J. Nyquist, Appellee. Jennie Nyquist, Appellant.

### Gen. No. 6,038.

INSURANCE, § 830*—*when named beneficiary is trustee for insured's widow.* Where a man obtained a certificate of insurance in the name of his mother because the rules of the insurer prohibited the naming of an intended wife as beneficiary, and after his marriage, without a change of beneficiaries, the certificate was delivered to his wife and she thereafter paid the dues and assessments until his death, when the mother obtained the certificate by promising to collect the money and give it to the widow, *held* on the insurer paying the money into court under an interpleader, that the mother was a trustee for the benefit of the widow.

Appeal from the Circuit Court of Rock Island county; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded with directions. Opinion filed March 9, 1915. Rehearing denied June 11, 1915.

SEARLE & MARSHALL, for appellant.

J. B. & J. L. OAKLEAF, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

The Modern Woodmen of America, a fraternal benefit society, filed its bill of interpleader to determine the conflicting claims of the appellant, Jennie Nyquist, and the appellee, Mary J. Nyquist, to the amount due on a benefit certificate ($1,000) issued to Edward Nyquist, the husband of appellant and son of appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Each of the claimants answered the bill, and the complainant paid the money to the clerk of the court and was released and discharged from further liability, and costs awarded it to be paid out of the money so deposited; and dismissed from further participation in the case.

The cause was referred to the master in chancery to take evidence and report his conclusions of law and fact. He took the evidence and reported his finding of facts with his conclusion therefrom that appellee, the mother of deceased, was entitled to the fund. Appellant filed objections before the master and exceptions before the court, which were overruled. Appellee filed no objection or exception. A decree was entered confirming the master's report and ordering the fund, with interest accrued and to accrue, to be paid to appellee, after deducting therefrom the taxable costs of the proceeding, which the decree recites is by agreement of the parties to be paid out of the fund. This appeal is prosecuted to reverse that decree. There is little if any controversy about the facts, and the question is whether the court erred in the conclusion drawn from them.

It appears that in the spring of 1908, Edward Nyquist, the insured, was engaged to be married to Jennie Coopman, and told her he would join The Modern Woodmen of America and take a benefit certificate in which his mother would be named as beneficiary because he understood the rules of the company would not permit an intended wife to be so named. On May 8, 1908, he took out a certificate for $1,000 in which his mother was named as beneficiary, and on May 29, 1908, he married appellant. He had the certificate in his possession until his marriage and immediately thereafter delivered it to his wife, telling her it was hers. She kept it in her possession until after he died. They lived together as husband and wife until his death by suicide September 27, 1911. Two children, twins, were born to them and still survive. He often

discussed the matter of having the name of the beneficiary changed to that of his wife, but supposing that it would cost about $5, and being in straightened circumstances, and not able to pay that sum, he deferred making the change. The master finds that the wife, appellant, paid all dues and assessments levied by the society. Two letters were found in his bedroom on the night of his death in his handwriting, in one of which he says to the Woodmen: "Please pay my insurance to my wife, as she is supposed to have it. I have had it written in my mother's name and never got to have it changed. I hope this will be enough to settle this matter without any trouble." And in the other to his wife he says: "I have written to the Woodmen and asked them to give you my insurance without any trouble."

A day or two after his burial his mother and widow met, and the mother asked for the benefit certificate, stating that the Camp clerk wanted her to bring it to him and added: "Don't worry Jennie, I will get the money and give it to you." She was given the certificate, and afterwards furnished proofs of death and claimed the money for herself. The widow also claimed the money, and the company filed this bill. The master finds that it is undoubtedly true that the insured meant from the beginning that his wife should receive this money in case of his death, and that she delivered the certificate to the mother with the understanding that it should be collected and the money paid to the widow; and that the mother positively agreed and promised to do so. And while the master does not specifically so find, it is a fair inference from the evidence that the mother from the first knew the purpose and object of her son in taking the certificate in her name.

Under the provisions of the certificate and the rules of the company, the insured was permitted to change the beneficiary in a prescribed manner, and not otherwise. We assume that the company could not have

Modern Woodmen of America v. Nyquist, 193 Ill. App. 210.

been compelled to pay the widow this sum, because there was no change of beneficiary that the company was bound to recognize.

But it is now entirely immaterial to the complainant, the company, what is done with the money. It would not be material here, if it were true, that the company could have successfully defended against either or both of the claimants. The money is in court as the result of an effort the insured made before his marriage to provide for his intended wife. There is some force in her counsel's contention that it was a provision made for her in consideration of marriage. He had his mother named as beneficiary because under the rules of the order his intended wife was not permitted to be so named. The transaction was somewhat analogous to placing the title to real estate in the name of one person for the benefit of another. Appellant married him with the expectation that she would receive the benefit of this insurance; she lived with him and bore him children under the belief that she was so protected; and while they were so unfortunate and poor that he thought he was unable to pay the supposed fee of $5 necessary to procure a substitution of his wife as a beneficiary, she paid the dues and assessments, as the master finds. Appellee's counsel say that she must have used money furnished by her husband for that purpose, and if they are right and she did manage to save that little amount out of his meager earnings, in the condition she was in, she is entitled to much consideration for so doing. She had the policy in her possession during his lifetime, and, aside from ·considerations of technical law, is it quite plain that she is entitled to the proceeds. The mother got possession of the certificate under a promise that she would collect the amount due and pay it over to her. The master found that there was no consideration for that promise; but the possession of the paper was of some benefit to the mother in prosecuting her claim,

and its possession would have been of some advantage to the widow in resisting the mother's demand upon the company. A benefit to the party promising, or a loss or detriment to the party to whom the promise is made, is a sufficient consideration to support a promise.

The master much relied on the case of *Gordon v. Gordon,* 117 Ill. App. 91, in support of his conclusion that the fund belonged to the mother. It is there held that the change in the beneficiary named in a benefit certificate must, even where the question arises upon a bill of interpleader, filed by the society, be made in the manner provided by the certificate; one of the several exceptions to the rule being in cases where it is beyond the power of the insured to comply with the regulations. The master found in this case that the insured was unable to pay the sum that he supposed necessary to procure the change. It appeared in the *Gordon* case, *supra,* that the society had recognized the beneficiary named in the certificate, and made him an advance payment. But if we assume the law as stated in the *Gordon* case, and if none of the above mentioned distinguishing features are sufficient to take this case out of the rule there announced, still we are of the opinion that because the certificate was first taken in the name of the mother for the benefit of the wife, and the mother was probably then aware of that fact, and acquiesced in the arrangement, and certainly got possession of the certificate under the promise that she would collect the proceeds and pay them to the wife, she was in the attitude of a trustee for the wife, under a duty to execute the trust, and that these considerations distinguished the two cases. It is said by the same court, in an opinion by the same judge, quoting authorities, that beneficial interests in benefit certificates may be transferred in equity, and courts of equity will protect equitable beneficial interests. *Conner v. Conner,* 145 Ill. App. 608.

We are of the opinion that the court erred in de-

creeing the money to be paid to Mary J. Nyquist, the appellee, and that it should have been ordered paid to Jennie Nyquist, the appellant, with the exception of court costs to be paid from the fund, which the decree finds were ordered so paid by agreement of parties. The decree is reversed and the cause remanded with directions to enter a decree finding that the fund belongs to and ordering its payment to Jennie Nyquist, subject to payment of costs.

*Reversed and remanded with directions.*