THE SUPREME COUNCIL ROYAL ARCANUM *et al.*

*v.*

MARY TRACY.

*Opinion filed November 1, 1897.*

1. BENEFIT SOCIETIES—*equitable rights may be acquired in benefit certificate.* While a benefit certificate is not assignable, rights may be acquired therein which will be enforced in equity.

2. SAME—*member cannot divest equitable interests in certificate by procuring new one.* A member of a benefit society who, in consideration of a cash loan from his wife, makes her the beneficiary in his certificate, which is delivered to and retained by her, she paying all assessments thereon, cannot divest her rights therein by making a false affidavit that the certificate was lost, thus procuring from the society a duplicate certificate, naming new beneficiaries.

3. SAME—*when new beneficiaries will not be protected as against original beneficiary.* Beneficiaries designated in a new benefit certificate issued on the false affidavit of the member that his original certificate was lost, who are mere volunteers, having parted with no consideration, cannot be protected in equity as against the original beneficiary who has a vested equitable interest in the original certificate, and who is the victim of the member's perjury.

*Supreme Council Royal Arcanum v. Tracy,* 67 Ill. App. 202, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

H. H. C. MILLER, and HARRY A. SULLIVAN, for appellants:

The certificate of membership in a mutual benefit society is only a part of the written evidence of the contract. The charter, constitution and by-laws in force at the time of the admission of the member are a part of the contract of insurance, whether referred to in the certificate of membership or not. Niblack on Benefit Societies, 272; *Benefit Ass.* v. *Robinson,* 147 Ill. 138.

When a member of a society has appointed a beneficiary in any of the modes appointed in the contract of

insurance, it is not necessary that the certificate of membership should be delivered to the beneficiary so named. *Highland* v. *Highland*, 109 Ill. 366.

The beneficiary has no vested interest in a benefit certificate. Bacon on Benefit Societies, sec. 366; Niblack on Benefit Societies, sec. 212; *Fisk* v. *Equitable Aid Union*, 11 Atl. Rep. 84; *Barton* v. *Providence Ass.* 63 N. H. 535; *Bagley* v. *Grand Lodge*, 131 Ill. 498.

A benefit certificate, subject by the laws of the order to change at will on compliance with certain formalities and the surrender of the old certificate, may be changed in the prescribed way, although it has been delivered to a third party, who pays the assessments. Bacon on Benefit Societies, sec. 307; *Fisk* v. *Equitable Aid Union*, 11 Atl. Rep. 84; Niblack on Benefit Societies, 405; *Masonic Ass.* v. *Bunch*, 109 Mo. 560 *a*; *Sabin* v. *Phinney*, 134 N. Y. 422.

MEEK, MEEK & COCHRANE, for appellee:

Although a life insurance policy cannot be assigned, either at common law or under the statute, so as to pass the legal title to the instrument or money, yet a transfer of such an instrument will be regarded as an equitable assignment, and protected accordingly. Bispham's Eq. (5th ed.) 243.

Property obtained by one through fraudulent practices with a third person will be held, under a constructive trust, for the person defrauded, though the person receiving the benefit is innocent of collusion. Hilliard on Trusts, 144.

Mr. JUSTICE CRAIG delivered the opinion of the court:

On August 25, 1885, Thomas P. Tracy became a member of Northwestern Council No. 315, Royal Arcanum, located at Chicago,—a fraternal beneficiary order. On September 8, 1885, the organization issued to Tracy its benefit certificate, which, after specifying certain condi-

tions, provides as follows: "These conditions being complied with, the supreme council of the Royal Arcanum hereby promises and binds itself to pay out of its widows' and orphans' benefit fund, to Mary Tracy, wife, a sum not exceeding $3000, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said member and upon surrender of this certificate: *Provided*, that said member is in good standing in this order at the time of his death: *And provided, also,* that this certificate shall not have been surrendered by said member and another certificate issued at his request in accordance with the laws of this order."

Mary Tracy was a widow when she married Thomas P. Tracy, and had money of her own. Soon after the certificate was issued Tracy obtained from his wife $1500, which he used in the purchase of a place. As security for the money he turned over to her the certificate, which she took into her possession and retained it until his death, which occurred September 21, 1894. After she obtained the certificate she paid all assessments thereon each year, amounting, in the aggregate, to the sum of $501.65. A short time before Tracy died, on June 9, 1894, he executed and delivered to the secretary of Northwestern Council the following paper:

"ROYAL ARCANUM.

"*To the Supreme Secretary, S. C. R. A.:*

"DEAR SIR AND BROTHER—I hereby certify that my benefit certificate No. 65,078 has been misplaced, lost with other papers. I hereby surrender and renounce all claims thereto on behalf of myself, my family and those dependent upon me, and request that a duplicate benefit certificate be issued by the supreme council, payable to Annie Tracy, Elizabeth Tracy, Agnes Tracy, my daughters, $1000 each.

"Given under my hand this 9th day of June, 1894.

Attest: J. J. KEENAN, *Secretary.*        THOMAS P. TRACY.

"Subscribed and sworn to before me this 9th of June, 1894.
        [Seal.]                T. P. KENNEDY, *Notary Public.*"

At the same time Tracy paid to the secretary the required fee of fifty cents. Upon receipt of the foregoing paper, on June 14, 1894, a new benefit certificate was issued to Tracy, in which the $3000 was made payable to his three daughters.

In appellant's argument we find the following admission: "It is admitted that Thomas P. Tracy was, at the time of his death, a member of the Royal Arcanum in good standing, and that his beneficiary or beneficiaries, whoever they may be, are entitled to receive from the supreme council of the Royal Arcanum the sum of $3000. That amount of money is ready to be paid whenever it shall be legally determined who is entitled to receive it. The only contention is as to whether this benefit of $3000 should be paid to Mary I. Tracy, the wife of Thomas P. Tracy, who was named as beneficiary in the original benefit certificate, or to his daughters, Annie Tracy, Elizabeth Tracy and Agnes Tracy, who were named as his beneficiaries in the second benefit certificate issued to him by the supreme council of the Royal Arcanum." This narrows the controversy to a single question: whether the $3000 should be paid to Mary I. Tracy, the widow of the deceased, or to his three daughters. In the Superior Court, on the pleadings and evidence, the court found in favor of the widow, Mary I. Tracy, and the decree was affirmed in the Appellate Court.

By chapter 4 (title 2) of the general laws of the supreme council it is provided as follows: "A member may, at any time, when in good standing, pay a fee of fifty cents, make a written surrender of his benefit certificate and direct that a new certificate be issued to him, payable to such beneficiary or beneficiaries as such member may designate, in accordance with the laws of the order. The written surrender and direction for change of beneficiary must be forwarded, under seal of the council, with the benefit certificate and fee of fifty cents, to the supreme secretary, who shall issue a new certificate in accordance

with the direction of the member, if the direction is in accordance with the laws of the order. In case a benefit certificate is lost or beyond a member's control, the member may, in writing, surrender all claim thereto and direct that a new certificate be issued to him, payable to the same or a new beneficiary or beneficiaries, in accordance with the laws of the order, upon making affidavit of the facts in the case, satisfactory to the supreme secretary, and paying a fee of fifty cents. The change of beneficiary shall take effect upon the delivery of the benefit certificate, the written surrender and direction for such change as provided in the laws of the order, the proof of loss, if required, and the fee of fifty cents, to the regent, secretary, collector or treasurer of the council to which the member belongs. The issuing of a new benefit certificate, in accordance with the laws of the order, shall cancel and render null and void any and all previous certificates issued to a member."

Under the charter and laws of the society it may be conceded that a member, where no intervening rights have attached, may surrender a benefit certificate and designate a new beneficiary. It may also be conceded that in the absence of a contract existing between the member and the beneficiary named in the certificate, as a general rule the beneficiary, before the death of the member, has no vested interest in the certificate. But the case made by appellee, as we understand the record, stands upon different grounds. While a certificate like the one in question is not assignable at law, all beneficial interest therein may be transferred in equity. Equitable rights may be acquired in a beneficial certificate which may be enforced in a court of equity. (Bispham's Principles of Equity, chap. 8, 162-167.) Before Tracy obtained the certificate it was agreed between him and his wife that she should advance him $1500, and that she should be the beneficiary, and the certificate should be turned over to her when he obtained it from the organization. In pursuance

of this agreement she paid her husband $1500 in cash and he turned over the certificate to her, and ever after that it remained in her sole possession and custody. After this agreement was made, the money paid and the certificate turned over, as between Tracy and his wife he had no right whatever to surrender the certificate and have the organization make out a new one payable to another party, and his attempt to do so, based upon a false affidavit, was a fraud on the organization and upon his wife; and his daughters, who are mere volunteers, having advanced nothing, cannot profit by the fraud of Tracy attempted to be practiced on his wife. The new certificate was obtained through perjury and fraud, and as the daughters can have no standing as innocent purchasers, they are not entitled to be protected as against appellee, who advanced her money on the faith of a contract with her husband.

If Tracy had entered into no contract with his wife and received no money from her on a pledge of the benefit certificate, but merely designated her as his beneficiary in the certificate, we would not hesitate to hold that he had the right to surrender the certificate at any time he saw proper and have the organization issue a new one with other beneficiaries. In such a case the wife could have no vested interest in the certificate. This case, however, rests upon a different state of facts and must be governed by a different principle. After Tracy, in consideration of a large sum of money to him paid, pledged the benefit certificate to his wife, she acquired equitable rights in it which may be protected in a court of equity.

We think the judgment of the Appellate Court was correct, and it will be affirmed.       *Judgment affirmed.*