ANNIE McGREW

*v.*

JESSIE GLENDORA McGREW.

*Opinion filed June 19, 1901.*

1. BENEFIT SOCIETIES—*equitable interest in certificate may be transferred.* While at law a benefit certificate is not assignable, in equity a beneficial interest may be transferred therein, which will be protected by a court of chancery.

2. SAME—*when member is not entitled to change the beneficiary.* If a member of a benefit society names his daughter as beneficiary, and agrees with her that upon his death she shall receive out of the proceeds of the certificate the amount advanced by her to him, he has no right, after the certificate is delivered and the money paid, to change his beneficiary, notwithstanding the by-laws provide that certificates "cannot be made payable to a creditor, nor be held wholly or in part, nor assigned, to secure a debt" of the member.

3. SAME—*when a beneficiary does not occupy position of an innocent purchaser.* A beneficiary named in a certificate issued on a false affidavit by the member that the former certificate was lost or destroyed, and who is a mere volunteer, is not an innocent purchaser as against the beneficiary in the former certificate, who advanced money on the faith of her agreement with the member, her father, that it should be re-paid out of the certificate.

*McGrew* v. *McGrew*, 93 Ill. App. 76, affirmed.

, APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

JOHN P. AHRENS, and DAVID GILMOUR, for appellant.

WILLIAM F. CARROLL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

On November 24, 1881, John F. McGrew became a member of Garfield Lodge No. 195 of the Ancient Order of United Workmen at Chicago, a fraternal beneficiary society, and a beneficiary's certificate on the same day

was issued to him for the sum of $2000, payable, upon his death, to Margaret McGrew, his wife. In September, 1892, Margaret McGrew died, and on November 17, 1892, a second certificate was issued to him in lieu of the first, in which Jessie Glendora McGrew, his daughter, was named as beneficiary. On February 4, 1898, a third certificate was issued to him in lieu of the second, in which Annie McGrew, his then wife, was named as beneficiary. John F. McGrew died March 7, 1898, and the single question presented here is, whether the $2000, which is conceded by the society to be due on said membership, should be paid to Jessie Glendora McGrew, the daughter, or to Annie McGrew, the widow. The circuit court found in favor of the daughter, which decree was affirmed by the Appellate Court for the First District, and the widow has prosecuted this appeal.

The rules of the society permit changes of beneficiaries in its certificates to be made in the manner following: "A member holding a beneficiary certificate, desiring at any time to make a new direction as to its payment, may do so by authorizing such change, in writing, on the back of his certificate in the form prescribed, attested by the recorder, with the seal of the lodge attached, and by the payment to the grand lodge of the sum of fifty cents; but no change of direction shall be valid or have any binding force or effect until such change shall have been reported to the grand recorder, the old certificate, if practicable, filed with him and a new beneficiary certificate issued thereon, and said new certificate shall be numbered the same as the old certificate: *Provided, however,* should it be impracticable for the recorder to witness the change desired by the brother, attestation may be made by a notary public or an officer of a court of record." "A brother desiring to make a new direction for the payment of his beneficiary certificate, and whose certificate is in the hands of the beneficiary, who refuses to surrender the same, must make application for a dupli-

cate of his beneficiary certificate to the grand recorder, through the recorder of his lodge, accompanied by an affidavit setting forth the facts in the case." The by-laws of the society also provide that a "beneficiary cer-tificate cannot be made payable to a creditor, nor be held, wholly or in part, nor assigned, to secure a debt which may be owing by the member. An assignment of a bene-ficiary certificate by any member or beneficiary shall be void."

At the time the third certificate was issued the second certificate was in the possession of appellee. John F. McGrew was aware of this fact, but made no demand upon her for the surrender to him of said certificate. The third certificate was issued upon the following affidavit purporting to have been made by John F. McGrew:

"John F. McGrew being duly sworn, on oath says that he is a member of Garfield Lodge No. 195 of the Ancient Order of United Workmen at Chicago, in said county and State, and that he was the holder and owner of certificate No. 37, issued by and under the seal of the Grand Lodge of the Ancient Order of United Workmen of said State, and that said certificate is lost or is beyond his control, has become misplaced and cannot be found, although he has sought diligently for the same. Said certificate was made payable to Jessie Glendora, beneficiary. That he desires a new one issued in lieu thereof.

J. F. McGREW.

"Subscribed and sworn to by the said J. F. McGrew this 5th day of February, A. D. 1898."

Appellee had advanced, prior to February 4, 1898, to John F. McGrew upon the certificate held by her and in which she was named as beneficiary, an amount equal to about the face value of said certificate, and she held said certificate as security for such advances. The money so advanced was used for the payment of the monthly assessments due the society upon said certificate, the funeral expenses of her mother, the living expenses of McGrew and family and debts due by McGrew to various parties. At the time of the execution of said affidavit

John F. McGrew was in feeble health and his mental faculties were somewhat impaired.

The law is well settled in this State that a member of a fraternal beneficiary society, where no intervening rights have attached, may at his pleasure surrender his benefit certificate and have a new certificate issued and designate therein a new beneficiary, and that a beneficiary has no vested rights in the certificate during the life of the member by reason of the fact that he has been named as a beneficiary in such certificate. (*Martin* v. *Stubbings*, 126 Ill. 387; *Benton* v. *Brotherhood of Railroad Brakemen*, 146 id. 570; *Voigt* v. *Kersten*, 164 id. 314; *Delaney* v. *Delaney*, 175 id. 187.) While at law said certificate is not assignable, in equity a beneficial interest may be transferred therein, which will be protected by a court of chancery. (*Royal Arcanum* v. *Tracy*, 169 Ill. 123.) In this case, McGrew caused the appellee, his daughter, to be named in the second certificate as beneficiary, delivered the certificate to her, and agreed with her that upon his death she was to be paid back the amount which she had advanced to him, from the moneys received from said society upon said certificate. After this agreement was made, the money paid and the certificate delivered to appellee, as between McGrew and appellee he had no right to surrender said certificate and have a new one issued in lieu thereof, made payable to the appellant. In the case of *Royal Arcanum* v. *Tracy, supra,* Tracy, who was a member of the Royal Arcanum, in consideration of a cash loan from his wife caused her to be made the beneficiary in his certificate, which was delivered to and retained by her, she paying all the assessments thereon. Afterwards he made a false affidavit that the certificate was lost and procured from the society a duplicate certificate, naming his daughters as beneficiaries. On page 128 the court say: "After this agreement was made, the money paid and the certificate turned over, as between Tracy and his wife he had no right whatever to surrender the certificate

and have the organization make out a new one payable to another party, and his attempt to do so, based upon a false affidavit, was a' fraud on the organization and upon his wife; and his daughters, who are mere volunteers, having advanced nothing, cannot profit by the fraud of Tracy attempted to be practiced on his wife."

The case at bar is attempted, by counsel for the appellant, to be distinguished from the *Tracy case* on the ground that there was no by-law of the society in that case prohibiting an assignment of the certificate, and that the attention of the court was not called to paragraph 266 of chapter 73, (Hurd's Stat. 1899, p. 1033,) which is as follows: "The money or other benefit, charity, relief or aid to be paid, provided or rendered by any society authorized to do business under this act, shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or of any person who may have any right thereunder."

The certificate in this case was not assigned to appellee, but she was named as the beneficiary therein and she is seeking to collect the amount due on such certificate as the beneficiary therein named, and not as assignee, and the section of the statute above set out is not designed to protect such certificate, or the proceeds thereof, from the voluntary act of the member or the beneficiary therein named, but to prevent such certificate, or the proceeds thereof, from being subjected by creditors to the payment of debts against the will of such member or beneficiary. We find nothing in the by-law or section of the statute referred to which causes us in any way to modify the views expressed in that case.

The society issued the last certificate, in which the appellant was named as beneficiary, by reason of the false affidavit of McGrew, in which he stated "that said

(second) certificate is lost or is beyond his control, has become misplaced and cannot be found, although he has sought diligently for the same," and as the appellant paid nothing therefor she does not occupy the position of an innocent purchaser, and is not entitled to be protected as against appellee, who advanced money on the faith of a contract with her father, which contract, we are of the opinion, was broad enough to include money advanced to him by her prior as well as subsequent to the date of the certificate in which she was named as beneficiary.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*