NORA L. SAVAGE, *Appellee*, V. THE MODERN WOODMEN
OF AMERICA, *Appellee*, and RUSSELL SAVAGE *et al.*,
*Appellants*.

No. 16,847.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Departure—Immaterial Error*. A judgment will
not be reversed because new matter in a reply constitutes a
departure from the petition, although timely objection has
been made thereto in the trial court, where notwithstanding
the fault in the pleading the contention of each party has
been made clear, and each has had full opportunity to develop
the facts.

2. INSURANCE — *Beneficiary Designated under Agreement —
Vested Right—Change of Beneficiary*. Where the designation
of the beneficiary in a certificate issued by a mutual benefit
association is made in pursuance of an agreement founded
upon a sufficient consideration, the person so designated ac-

quires a vested interest, and, unless by reason of counter-
vailing equities, can not be displaced, although the rules of
the order permit the member to change the beneficiary at will.

.3. ——— *Acceptance by Wife of Husband's Offer to Name Her
as Beneficiary—Consideration—Change of Beneficiary.* Where
a husband agrees that if his wife will help to pay the as-
sessments upon a certificate in a mutual benefit association
in her favor he will not change the beneficiary, and in con-
sequence of such agreement she makes a part of the payments
thereon, using for the purpose what are in fact the proceeds
of her own labor outside of her ordinary household duties,
she can not be displaced as such beneficiary without her con-
sent, notwithstanding she commingles her earnings with
those of her husband as soon as received, keeping no separate
account thereof, and then takes the money for the assess-
ments from the common fund.

.4. EVIDENCE—*Transactions with Persons Since Deceased—Bene-
ficiary of Insurance Certificate.* The statutory rule that no
party shall testify in his own behalf in respect to any
transaction had personally with a person since deceased, where
the adverse party is the heir at law, next of kin or assignee
of such deceased person, does not apply where the adverse
party claims as the beneficiary of a certificate issued by a
mutual benefit association to such decedent, because the bene-
ficiary named in the certificate is not the assignee of the
member to whom it was issued, and the circumstance that he
is in fact his heir or next of kin is not material where his
claim is not founded on that relationship.

Appeal from Wyandotte district court. Opinion
filed February 11, 1911. Affirmed.

*Nathan Cree, E. Y. Blum,* and *C. O. Littick,* for the
appellants.

*W. L. Wood,* and *J. O. Fife,* for Nora L. Savage.

The opinion of the court was delivered by

MASON, J.: In 1898 George T. Savage obtained a
benefit certificate in the Modern Woodmen of America
in favor of his wife, Nora L. Savage. The rules of
the association authorized him to change the bene-
ficiary at his pleasure. On July 13, 1908, he elected to
constitute his son, Russell Savage, and his daughter,

Mabel Sebree, the beneficiaries.  Upon complying with the prescribed forms he obtained, on July 16, a new certificate designating them as such.  Three days later he died.  His widow brought action for the amount of the certificate, making the son and daughter parties. The association admitted indebtedness under one certificate or the other, and asked that the rights of the rival claimants be determined.  A trial resulted in a judgment in favor of the widow, and the son and daughter, who will be referred to as the defendants, appeal.

The plaintiff's petition declared upon the original certificate.  The defendants each filed an answer and cross-petition setting out the change of beneficiary and the issuance of the new certificate.  The plaintiff filed replies alleging in effect that George T. Savage had agreed with her that if she would help pay the premiums he would never change the beneficiary; that she had done so for a term of years, thereby acquiring a vested right in the certificate; and that the attempted change was therefore ineffectual.  The defendants demurred, and now urge that a reversal should be ordered upon the ground that the new matter in the replies constituted a departure from the petition; that to have been available to the plaintiff the allegations regarding the accrual of a vested right should have been inserted in the petition instead of in the replies.  As the issues were framed the contention of each party was made clear, and in the trial neither was denied a full opportunity to develop the facts.  Whether or not the plaintiff's pleadings presented a departure, and whether or not she should have been required to reshape them, the error, if any, did not prejudice the substantial rights of the defendants, and does not justify a reversal.

While there is some conflict on the subject, the weight of authority supports the view, which we think well founded in reason, that where the designation of the beneficiary in a certificate issued by a mutual bene-

fit association is made in pursuance of an agreement, founded upon a sufficient consideration, the person designated acquires a vested interest, and, unless by reason of countervailing equities, can not be displaced, although the rules of the association permit the member to change the beneficiary at will. (12 L. R. A., n. s., 1207, note; 12 Ann. Cas. 944, note; see, also, opinion in *Great Camp K. O. T. M. v. Savage,* 135 Mich. 459.)

"Where the member, upon taking out the certificate, makes an agreement with the beneficiary that the latter should pay the assessments, and that no substitution should be made, the beneficiary, upon performing this agreement, acquires a vested right." (3 A. & E. Encycl. of L. 993.)

"Equities may exist in favor of the original beneficiary which will preclude the member from substituting a new beneficiary who has no equity superior to that of the person originally designated. . . . An equity in favor of the original beneficiary precluding the substitution of another in his place may rest on a contract between him and the member, based on a sufficient consideration, by which he is to receive the benefits. Thus if a member designates a beneficiary, or, having designated a beneficiary, delivers the certificate to him, on an agreement that he shall receive the benefits, in consideration of past advances made by him, or present or future advances, or in consideration of his promise to pay dues and assessments, which promise is fulfilled, the member can not thereafter substitute a different person as beneficiary." (29 Cyc. 128.)

The defendants claim that there was no substantial evidence of any agreement on the part of George T. Savage to name and retain his wife as the beneficiary of his membership certificate. The argument is in part a challenge of the credibility of a portion of the testimony. A daughter of the plaintiff testified that she heard her father tell her mother that he intended to take out insurance for her if she would assist in paying the dues, and he would never change it. The

plaintiff testified that he said substantially the same thing to the children in her presence. Her testimony is objected to as a violation of the statute reading:

"No party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person, when the adverse party is the executor, adminstrator, heir at law, next of kin, surviving partner or assignee of such deceased person, where they have acquired title to the cause of action immediately from such deceased person." (Civ. Code, § 320.)

The plaintiff maintains that the rule has no application because she testified that, in the particular conversation to which she referred, her husband addressed his remarks to the children more than to her. We think it unnecessary to indulge in this refinement. The statute does not apply because the defendants are not within its protection.

"The statutes are strictly construed in respect to the persons excluded from testifying, and the exclusion will not be extended by implication to a class of persons not named, though the reasons for embracing them may have been equally as strong as those which existed for excluding the persons expressly designated. . . . Where the statutes prohibit parties or persons interested from testifying when the adverse or opposite party sues or defends as trustee, guardian, executor, administrator, heir, legatee, devisee, etc., in order for such opposite party to be entitled to the protection of the statute he must come within its terms, and if the suit is not by or against parties in such enumerated classes the other may testify. The rule only applies in favor of the persons named in the various statutes." (30 A. & E. Encycl. of L. 983, 1019.)

This rule of strict construction is in full force in this state. A witness is deemed competent unless clearly rendered incompetent by the terms of the statute. (*Williams v. Campbell,* ante, p. 46.) The defendants are not, within the meaning of the law, heirs or next of kin of the deceased person, George T. Savage. They do not claim in that capacity or in virtue of that

relationship, and the circumstance that they are so related to him does not enable them to invoke the statute. (30 A. & E. Encycl. of L. 1022, note 8; 30 A. & E. Encycl. of L. 1024, ¶ f.) They are not assignees of the decedent. "An assignment involves contractual relations. But the claim of a beneficiary is not based upon contract on his part." (*Shuman v. Supreme L. K. of H.*, 110 Iowa, 480, 482. See, also, *Crowell v. Insurance Co.*, 140 Iowa, 258; 30 A. & E. Encycl. of L. 1023, ¶ d.) The supreme court of Michigan holds that under such circumstances the witness is disqualified. (*Franken v. Supreme Court I. O. F.*, 152 Mich. 502.) The ruling seems to have originated in *Wallace v. Fraternal Mystic Circle*, 127 Mich. 387, although it was there justified upon the ground that in principle it was controlled by an earlier decision. In the opinion it was said:

"It is strenuously contended that the plaintiff is not a legatee, heir or assignee within the meaning of the statute. It is possibly correct to say that she does not come within the precise words of the statute, and, were the question entirely new, there might be ground for hesitancy. It should be kept in mind, however, that plaintiff is a beneficiary of the assured, and that up to the time of his decease he retained the power of disposition of his policy. She takes, therefore, by virtue of a right bestowed upon her by the deceased." (p. 389.)

That case was followed in *Great Camp K. O. T. M. v. Savage*, 135 Mich. 459, although two of the five justices dissented. The doctrine results from excluding witnesses who are within the reason of the statutory rule, although not within its terms, while the general practice and the practice in this state is to the contrary.

The defendants assert that there is nothing to show that the plaintiff ever accepted the proposition of her husband to make her the beneficiary if she would help pay the assessments. We think this may fairly be im-

plied from the fact that she did render such assistance, and from her general course of conduct. There was evidence that many of the payments were the act of the plaintiff, but the defendants maintain that they were made from community money, of which the husband was in legal contemplation the owner; that an agreement of a wife to assist in maintaining such a common fund is in effect to promise to perform her marital duties, and can not be made the basis of a business contract, within the rule of such cases as *Dempster v. Bundy*, 64 Kan. 444. The plaintiff in a sense had no separate property. But there was evidence that at various times she was given money by her relatives which she used in paying assessments; that she made money by keeping boarders and selling milk, eggs and chickens; that while her husband was on the police force she borrowed money from her mother and started a grocery store, which was run in her husband's name, but which she personally managed for a considerable period. No separate sum was at any time set apart as belonging to her individually, and the assessments were paid out of the common fund, except where, as already noted, money furnished by her relatives was used for that purpose. In this state the married woman's field of individual action is enlarged beyond the bare letter of the statute. Her marriage does not deprive her of the legal capacity to enter into a personal contract. (*Harrington v. Lowe*, 73 Kan. 1, 16.) According to the usual interpretation of statutes similar to our own the wife is entitled to treat as her separate property the proceeds of her labor outside of her ordinary household duties. (21 Cyc. 1393; 25 A. & E. Encycl. of L. 357.) Here the plaintiff had a basis for the creation of an independent estate. The fact that she permitted the proceeds of her efforts to be commingled with the community property ought not to operate to her prejudice in such a case as the present. It is unnecessary to review deci-

sions made where the rights of creditors are concerned, for the questions there presented are very different from that now under discussion. Upon the plaintiff's version of the facts she agreed to help pay the assessments, and did so, using to that end, in part at least, the fruits of her own efforts exerted in a field beyond the scope of her marital obligation. This furnished a sufficient consideration for the agreement notwithstanding her earnings were turned into the common fund.

The judgment is affirmed.