No. 19,972.

JULIA HAYS et al., *Appellees,* v. W. S. PATTERSON, *Appellant.*

SYLLABUS BY THE COURT.

1. DEED—*Mental Incapacity of Grantor—Evidence.* The evidence examined and held to tend to show a grantor's want of mental capacity to make a deed.

2. SAME—*Mental Incapacity—Undue Influence.* Upon appeal from a judgment setting aside a deed, if a finding that it was made while the grantor was without mental capacity is sustained, questions of error affecting only a finding that undue influence was exercised upon him become immaterial.

3. SAME—"*Adequate Consideration*"—*Legally Sufficient.* A finding that the consideration of a deed was not adequate does not mean that it was not legally sufficient.

Appeal from Ottawa district court; DALLAS GROVER, judge. Opinion filed March 11, 1916. Affirmed.

*R. B. Caples,* of Glasgow, Mo., *F. D. Boyce,* and *E. C. Sweet,.* both of Minneapolis, for the appellant.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for the appellees.

The opinion of the court was delivered by

MASON, J.: T. J. Patterson, at the age of eighty-nine, executed a deed conveying to W. S. Patterson, his son, a quarter section of land, worth about $10,000, the expressed consideration being one dollar, love and affection, and the grantee's promise to support him and provide him with a home during his life. A contract was signed at the same time allowing the grantor to collect the rent during his lifetime. He died two months later. Other heirs brought an action to set aside the deed on the ground of want of capacity and undue influence. A jury found in favor of the plaintiffs upon both propositions, answering a number of questions in harmony with that view. The court approved all the findings excepting one which gave an affirmative answer to the question, "Did the defendant urge, ask, or solicit his father, Thomas Patterson, to deed him the land in question?" Judgment was rendered for the plaintiffs and the defendant appeals.

(1) The defendant maintains that there was no substantial evidence to warrant the findings or the judgment. Testimony was given by witnesses who had opportunity to observe him, and who were present at the trial, to the effect that at about the time the deed was made the grantor was forgetful; that "his memory did n't seem to be good"; that "he would sit down and tell something and in ten or fifteen minutes tell the same thing over"; that he would tell it three or four times within an hour; that he would tell the same story repeatedly, apparently having no recollection that he had told it the first time; that he failed to recognize old acquaintances, whom he had known for years; that "his mental condition was very weak"; that he was childish; that "he was a feeble and childish old man in his talk"; that "he was like a child"; that he was "feeble-minded"; that "his mind appeared weak"; that he seemed to be "very childish and feeble"; that he was "just as childish as he could be"; that "he was awfully feeble and he was lots different from what he had been in years before, more a child than he was a man"; that he was "failing pretty fast"; that he was "failing in mind." One witness said: "I considered him like a little child." Another: "I can not think he was capable of transacting business." While there was much evidence to the contrary, we think this testimony tended to show incompetence to do business, and therefore afforded a substantial basis for a finding that the grantor lacked mental capacity to make the deed. That being the case, the decision of the trial court on the subject is final. Special objection is made to a finding that at the time the deed was executed the grantor did not know, even in a general way, what property he owned. There was no direct evidence which specifically supported this proposition, although one witness said that he had expressed a wish that his children should share his property equally, and another that he did not make inquiries about this land or his business. But the evidence of his enfeebled mental condition justified an inference supporting this answer, as well as others to which similar objection is made.

(2) As the finding of want of capacity is upheld, and is sufficient to sustain the judgment, we need not decide whether there was any evidence of the deed having been procured through undue influence, or whether any error was committed

with reference to that feature of the case. An instruction concerning the burden of proof in that respect is complained of, but for the reason stated the question so raised need not be considered.

(3) In response to a question submitted to them the jury answered that the consideration expressed in the deed was not adequate for a conveyance of the land. This finding is criticised in part upon the theory that it means that the deed was not supported by a sufficient consideration, whereas the element of love and affection would alone serve that purpose. The word "adequate" in this connection, however, is not to be interpreted as the equivalent of "legally sufficient." (*Rosseau v. Rouss,* 91 App. Div. 230, 238, 86 N. Y. Supp. 497, 502.) It refers rather to the proportion between the value of what is given and what is received. (9 Cyc. 365.) But in any event, whatever bearing this finding has is upon the question of undue influence rather than upon that of mental capacity.

The judgment is affirmed.