Hessen v. Sapp.

No. 20,333.

ELIZA HESSEN et al., *Appellees*, v. REBECCA SAPP,
*Appellant*, et al.

SYLLABUS BY THE COURT.

1. DEED — *Action to Set Aside — Incapacity of Grantor — Evidence.*
The fact that in an action to set aside a conveyance, for want of
capacity, witnesses were permitted to testify that in their opinion the
grantor was not competent to make a deed, held under the circum-
stances here presented not to constitute prejudicial error.

2. SAME—*Findings of Jury—Advisory Only—Instructions.* The rule
that where the findings of a jury are purely advisory the giving of an
erroneous instruction is not a ground of reversal, unless it shows that
the court misconceived the law by which the rights of the parties
were to be determined, applies as well where the court adopts the
findings of the jury and makes none in addition thereto, as where it
frames independent findings of its own. An instruction which in-
cluded the reasonableness of the grantor's act in making a deed as
one of the matters to be considered in an action to set it aside for
want of capacity and undue influence, held to be nonprejudicial under
that rule.

Appeal from Allen district court; OSCAR FOUST, judge.
Opinion filed October 7, 1916. Affirmed.

*C. S. Ritter*, and *A. H. Campbell*, both of Iola, for the appel-
lant.

*F. J. Oyler, Travis Morse*, and *G. E. Pees*, all of Iola, for the
appellees.

The opinion of the court was delivered by

MASON, J.: On March 6, 1914, Samuel Culbertson, being
then seventy-eight years of age, executed a deed to a quarter-
section of land in Allen county to his sister, Rebecca Sapp, in
consideration of her agreement, inserted in the deed, to care
for him during the remainder of his life. He died on the 28th
of the following June. Some of his heirs brought an action
against her (and other defendants) to have the conveyance
set aside on account of want of capacity and undue influence.
They recovered a judgment from which she appeals.

Findings were made by the jury and approved by the court
sustaining both branches of the plaintiffs' case. Those relat-

47—98 KAN.

ing to undue influence were so qualified as perhaps to render them dependent upon those regarding want of capacity. The former may be disregarded, allowing the judgment to rest upon the latter. (*Hays v. Patterson*, 97 Kan. 478, 155 Pac. 932.) The plaintiffs ask the dismissal of the case for the reason that a complete transcript of the evidence has not been made. (*Davidson v. Timmons*, 88 Kan. 553, 557, 129 Pac. 133.) The appellant presents enough evidence in the abstract to show the basis of her contentions, and asks leave to complete the record if that shall be deemed necessary. The plaintiffs object to further time being given for that purpose. The consideration of these matters is made unnecessary by the view taken of the rulings attacked.

1. The principal ground upon which a reversal is asked is that two physicians were permitted to testify, in response to a hypothetical question, that in their judgment, assuming the conduct of the grantor to have been as stated, he was not mentally competent to make a deed to his property or to transact important business; and the testimony of several nonexpert witnesses was received to the effect that from their observation of him they thought him incapable of transacting important business. This method of undertaking to show want of capacity to execute a deed (for instance) has been condemned because it amounts to allowing a witness to give his opinion as to what degree of capacity was necessary for its execution, that being one of the elements necessarily involved in the answer, and being a matter of law to be determined by the court. (*Coblentz v. Putifer*, 87 Kan. 719, 125 Pac. 30.) The mere form in which evidence is given is not always of vital importance, and here it does not seem probable that any actual prejudice resulted. The court correctly stated the rule as to the conditions that would justify setting aside the deed, and findings were made that the grantor was not of sound mind and memory, and did not have sufficient capacity to fairly understand what he was doing and how he was doing it. The hypothetical question submitted to the medical witnesses included these assumptions among many others of a similar tendency: That Samuel Culbertson had hallucinations, believing his brothers and others were after him, trying to kill him, and trying to get a deed to his land, or get his property away from him; that he would walk two and a half miles to a neighbor's

in his stocking feet, carrying his shoes, and on arrival tell that his brothers and others were after him and were going to kill him and were trying to get a deed to his property; that about a week before his death he jumped from a second-story window and said he did it because there was murder up there. The appellant has not brought up the evidence, and it must be assumed that there was support for the assumptions set out in the hypothetical question—otherwise the answers would have had no practical importance. The physicians also said that they would consider a person in the condition indicated by the question as incapable of transacting any business. The statements of the nonexpert witnesses that they regarded Culbertson as incapable of transacting important business seems unlikely to have influenced the jury's conception of what impairment of his faculties was necessary to render the deed inoperative. Moreover the jury were acting only in an advisory capacity. The decision finally reached was that of the judge, and there is no likelihood that he was in any way misled by the form in which any of the evidence referred to was presented.

2. A further complaint is based on the fact that in the charge to the jury the court enumerated, as one of the matters they were authorized to consider, the reasonableness or unreasonableness of the grantor's act in making the deed. Such an instruction under somewhat similar circumstances has been held to constitute error. (*Blodgett v. Yocum*, 80 Kan. 644, 103 Pac. 128; *Coblentz v. Putifer*, 87 Kan. 719, 125 Pac. 30.) Here, however, the matter was referred to quite incidentally as one of a number of things to be considered, and it seems very unlikely that it should have had a controlling influence with the jury. The jury were specifically told that "all persons may dispose of their real or personal property or any part thereof, to whom they choose, or, in any manner they may choose, so long as not in violation of law, and in contravention of public policy." The instruction complained of does not indicate that the court misconceived the law by which the rights of the parties were to be determined, and that being true the mere fact that it contained an erroneous statement does not justify a reversal. This principle is sometimes spoken of as though it applied only where the court disregards the findings of the jury, or makes new ones of its own.

(*Vickers v. Buck,* 60 Kan. 598, 605, 57 Pac. 517; *Munn v. Gordon,* 87 Kan. 519, 125 Pac. 7.) But whether or not the judge accepts any or all of the jury's findings, and whether or not he adds to them, he exercises his independent judgment, and his adoption of a finding already made by the jury involves no different mental process from formulating it on his own account. A defective instruction involves no more serious consequences in the one case than in the other. (*Linscott v. Conner,* 85 Kan. 865, 118 Pac. 693; 16 Cyc. 422.)

The judgment is affirmed.