No. 21,234.

CLARA S. SIPE, *Appellee*, v. JOHN B. SIPE, *Appellant*.

SYLLABUS BY THE COURT.

1. BENEFIT INSURANCE—*Agreement Not to Change Beneficiary—Payment of Assessments—Vested Rights*. A vested interest in a certificate issued by a mutual benefit association may be created after its issuance, as well as at that time, by an agreement on the part of the member not to change the beneficiary, in consideration of the payment of assessments.

2. SAME—*Agreement of Wife to Keep Up Payments—Not to Change Beneficiary—Substantial Performance*. Where a wife agrees with her husband to keep up the payments on his certificate of membership in a mutual benefit association, which is payable to her on his death, in consideration of his promise not to change the beneficiary, substantial performance of the agreement on her part may be established, notwithstanding that a number of the subsequent assessments were paid by her husband's father, who had promised to pay them for her if she became unable to do so, she supposing that the payments were made by him because of his promise, although the fact was otherwise.

3. SAME—*Wife to Keep Up Payments—Disposition of Proceeds of Certificate*. Evidence that a member of a mutual benefit association told his wife that, in consideration of her paying the assessments, upon his death she should receive the proceeds of his certificate for herself and her children, does not necessarily imply that any legal claim thereto was intended to be given the children.

4. SAME—*Jury in Advisory Capacity Only—Effect of Incompetent Evidence*. The rule that a judgment will not be reversed for the admission of incompetent evidence, if there was other and competent evidence to the same point, unless it affirmatively appears that the improper evidence affected the result, applies where a jury is called, but acts only in an advisory capacity, as well as in cases tried without a jury.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed April 6, 1918. Affirmed.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellant.

*R. W. Turner,* and *D. F. Stanley,* both of Mankato, for the appellee.

The opinion of the court was delivered by

MASON, J.: In 1902, Seth C. Sipe became a member of the Modern Woodmen of America, receiving a beneficiary certificate for $1,000, payable at his death to his wife, Clara S. Sipe. In November, 1915, he caused a new certificate to be issued to him in lieu of this, his father, John B. Sipe, being named as beneficiary. He died in April, 1916. His wife brought an action against the association, making her father-in-law a party, claiming the proceeds of the certificate on the ground that she had acquired by contract such a vested right under the original certificate as prevented a change of beneficiary without her consent, which had not been given. The association made no controversy, and paid the money into court for the benefit of whichever party should be found entitled to it. The case proceeded as one for the determination of the proper beneficiary. The plaintiff recovered, and the defendant, John B. Sipe, appeals.

The plaintiff pleaded, and produced evidence tending to show, these facts: in June, 1912, on the occasion of a visit to his home after he had been away for some months, having gone to Colorado for his health, her husband promised her that if she would keep up the payments he would never change the beneficiary, and that she should receive the proceeds of the certificate at his death; she made a number of payments, keeping them up for two or three years, from money earned by her in taking boarders and doing washing; in 1914 she had a conversation with the defendant in which he told her that whenever she could n't pay the assessments, he would do so for her; after this she paid some of them, but on a number of occasions when she went to make payment she found that the defendant had already done so.

1. It has already been determined by this court that—

"Where a husband agrees that if his wife will help to pay the assessments upon a certificate in a mutual benefit association in her favor he will not change the beneficiary, and in consequence of such agreement she makes a part of the payments thereon, using for the purpose what are in fact the proceeds of her own labor outside of her ordinary household duties, she cannot be displaced as such beneficiary without her consent." (*Savage v. Modern Woodmen*, 84 Kan. 63, syl. ¶ 3, 113 Pac. 802.)

The defendant undertakes to distinguish the present case on the ground that the agreement that the wife was to pay the assessments was made after the certificate had been held for some years instead of prior to or at the time of its issuance. There obviously can be no difference in principle based on that distinction. (29 Cyc. 128.)

2. The defendant maintains that the plaintiff is not entitled to recover, because she did not carry out in full her part of the agreement, this being shown by the fact that the defendant paid a number of assessments. The jury (which was acting in an advisory capacity only) found (1) that the defendant told the plaintiff that if she became unable to pay the assessments he would do so for her, (2) that she attempted to pay some of the assessments and found that he had already done so, (3) that she believed that he was doing this for her benefit, and (4) that these payments (or at least some of them) were made on account of his agreement with her to make them. The court approved the findings designated as 1 and 3. For that designated as 2 it substituted a finding that "the plaintiff went to see the clerk for the purpose of paying the assessments, and was informed that they had already been paid by John B. Sipe." In lieu of that designated as 4 it found that none of the payments was made by the defendant on account of his agreement with the plaintiff. We think the findings as finally adopted show a substantial compliance by the plaintiff with her agreement to keep up the assessments. When she undertook to make a payment and found that the defendant had already attended to the matter, she supposing this to have been done because of his promise to her, she was excused (so far as affected any controversy between herself and the defendant) from a literal compliance with her agreement. Granting that the defendant's promise was not legally enforceable, she had a right to assume that the doing of the act promised was in pursuance of the agreement, although as a matter of fact it turns out that it was not done by reason thereof. In these circumstances there would be no equity in decreeing that the interest she had already acquired in the certificate should be regarded as forfeited by reason of her accepting the benefit of his payments, which she naturally supposed were made in her behalf. The mere fact that the defendant paid a part of

the assessments does not give him any equitable claim upon the proceeds of the certificate, beyond bare reimbursement, and that has not been asked.

3. A contention is made that there was a variance between the pleading and proof in that the allegation was that the plaintiff's husband promised that if she kept up the assessments she should receive the proceeds of the certificate, while her evidence was that he said the money was to go to her and her children. She testified that he told her that when he died she would receive the money for herself and the children. This was not a variance, nor did it tend to show that the children were necessary parties to the litigation. The essence of the agreement was that no change should be made in the certificate. The wife was the beneficiary, and the reference to her receiving the money for herself and the children did not imply that the latter were to have any legal claim to it.

4. The plaintiff was permitted to testify to her oral agreement with her husband with respect to the payment of the assessments, over an objection based upon the statute regarding evidence of transactions had personally with a person who has since died. (Gen. Stat. 1915, § 7222.) In the case already cited (*Savage v. Modern Woodmen,* 84 Kan. 63, 113 Pac. 802), in a similar situation, the statute was held not to apply. The reason given was that the adverse party was not "the executor, administrator, heir at law, next of kin, surviving partner, or assignee of such deseased person," as the statute required. Since that decision the act has been amended, and now applies "where either party to the action claims to have acquired title, directly or indirectly from such deceased person." (Civ. Code, § 320.) It is suggested in behalf of the plaintiff that here the parties each claim to have acquired title from the association, and not from Seth C. Sipe. The plaintiff's claim to the money, however, is necessarily derived from her agreement with her husband, inasmuch as she was not mentioned in the new certificate, and is compelled to rely upon a contractual vested right which prevented a change of beneficiary. It is not necessary, however, to determine whether the testimony was competent, for there was other evidence of the making of the agreement, and we do not find anything in the record to indicate that the result would have

been affected if the plaintiff's testimony regarding her conversation with her husband had been excluded.

Another witness testified that she had heard Seth C. Sipe tell the plaintiff that if she would keep up the insurance he would never change the beneficiary, and that a little later she had seen a letter which he had written his wife to the same effect. The plaintiff also testified to the receipt, the subsequent loss, and the contents of this letter. Her testimony as to the contents was objected to on the ground that it was "incompetent, irrelevant and immaterial, not within the issues or pleadings." In the brief, the objection urged is that the petition alleged an oral contract, and the effort to show one in writing was a material variance. No showing was made that the defendant was misled by the variance, as the statute requires in order for it to be deemed material (Gen. Stat. 1915, § 7026), and no such prejudice is apparent as to justify a reversal on that account. There are decisions to the effect that although a witness who is disqualified to testify concerning personal transactions with a person since deceased may testify to the receipt of a letter written by him, and also its loss, and the letter, if produced and identified, may be admitted, yet even if its loss is established the witness may not state its contents. (30 A. & E. Encycl. of L., 2d ed., 1036, 1037 ; 40 Cyc. 2325, 2328 ; Note, 21 Ann. Cas. 1216.) However, an objection to the testimony regarding the contents of the letter does not appear to have been urged on this ground.

The rule is established in this jurisdiction, in accordance with the great weight of authority elsewhere, that—

"A judgment rendered in a case heard without the intervention of a jury will not be reversed on account of the admission of incompetent evidence, unless the record discloses that there was no competent evidence to support it or in some other way shows affirmatively that the improper evidence affected the result." (*McCready v. Crane*, 74 Kan. 710, syl. ¶ 1, 88 Pac. 748.)

Where, as in the present case, a jury is called, but acts only in an advisory capacity, the same rule should apply, for the final and controlling decision is necessarily made by the trial judge on his own responsibility. This view is in accordance with the practice which regards as immaterial an erroneous instruction given in such a case, unless it shows a misconception of the law governing the ultimate rights of the parties.

(*Hessen v. Sapp,* 98 Kan. 737, 160 Pac. 220.)   We discover no cases in which it has been considered and rejected, and in several it has been distinctly adopted. (*Electric etc. Co. v. Safe Deposit etc. Co.,* 145 Cal. 124; *Halstead v. Coen,* 31 Ind. App. 302; *Welch v. Tippery,* 66 Neb. 640.)

Other rulings admitting evidence are complained of, but for the same reason it will be unnecessary to consider them. The contention is made that the decision reached is unjust and inequitable and contrary to the evidence.   Upon the facts the conclusion of the trial court must control.   It was shown that the defendant had expended $1,701 for his son in the last five years of his life, and doubtless this was a reason for the attempt to make a change in the certificate' for his benefit. The plaintiff's husband, however, seems to have been satisfied to have the original certificate stand until a few months before his death, and his obligation to his father, financial and otherwise, however great it may have been, does not constitute a controlling equity against his widow's claim to the insurance money.

The judgment is affirmed.