## Clarence A. Nell, Appellant, v. Nettie M. Nell, Appellee.

### Gen. No. 7,741.

1. APPEAL AND ERROR—*what fact question open on review of conflicting evidence.* When there is a direct conflict of testimony between the parties, and the jury have evidently given credence to that of appellee rather than to that of appellant, the only real question involved on appeal is whether appellee's evidence is, in law, sufficient to sustain the verdict.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*sufficiency of evidence of parol gift of certificate.* In replevin by the insured against the beneficiary named in benefit certificates to recover possession of such certificates, where defendant testified that plaintiff gave her the certificates, nothing in particular being said about them at the time, and that two years later plaintiff said she would give them to her to pay on and that they would be hers as he had no means to pay them himself, and the jury believed her testimony as to how she became possessed of them and that she had since paid all assessments on them, then in law she had a vested interest in and was entitled to retain possession of them.

Appeal by plaintiff from the Circuit Court of Schuyler county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the April term, 1924. Affirmed. Opinion filed June 10, 1924.

T. E. BOTTENBERG and L. A. JARMAN, for appellant.

D. L. MOURNING, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellant, Clarence A. Nell, brought suit in replevin against appellee, Nettie M. Nell, and in his declaration alleged the unlawful taking and detention of two life certificates issued to Clarence A. Nell, dated August 30, 1890, by the Banker's Life Association, Des Moines, Iowa, each for the sum of $2,000. To this declaration appellee filed a plea of the gen-

eral issue and two special pleas, the first of which alleged that the plaintiff delivered to the defendant said two life certificates with the request that the defendant make all payments thereafter to become due from the plaintiff to said Banker's Life Association according to the terms of said certificates, as a pledge, to be here kept until plaintiff should refund to defendant all those several sums of money due from plaintiff to said association and paid by defendant and that she detain the said two certificates as such pledge. The second special plea was that the goods and chattels mentioned in the declaration at said time were the property of her, the defendant, and not of the plaintiff.

Issues being joined, a jury trial was had as the result of which the jury rendered a verdict against appellant and a special interrogatory: "Did the plaintiff deliver to the defendant the certificates of insurance in question as a pledge to be kept by her until the plaintiff should refund to the defendant the sums of money paid by her to the Banker's Life Association on said certificates?" which had been submitted to the jury, was answered by them, "No." A motion was thereupon made by appellant to set aside the answer 'to said special interrogatory and for a new trial which motions being denied the court gave judgment on the verdict against appellant in favor of appellee from which judgment this appeal has been perfected.

The evidence shows that on August 30, 1890, appellant received the two certificates in question from the Banker's Life Association of Des Moines, Iowa, a mutual benefit association, each of said certificates being for insurance on the life of said Clarence A. Nell, for the sum of $200. The certificates were in all respects alike except as to their numbers, Nettie M. Nell being named as beneficiary in each of said certificates.

April 17, 1907, at the request of appellant, the beneficiary in said certificates was changed from Nettie M.

Nell to Eleanor Nell, Florence Nell and Maxine Nell, nieces of appellant. September 29, 1908, at the request of appellant, another change of beneficiary was made, appellee, Nettie M. Nell, being substituted for the said nieces. After said last mentioned change of beneficiary was made the certificates came into the hands of appellee and have remained in her possession ever since, and appellee has paid out of her own money the dues and assessments thereon from the time that the certificates came into her possession, with perhaps the exception of one payment which appellant claims to have made himself.

Appellant testified upon the trial that he never authorized appellee to take the certificates and that he had never given them to her. Appellee testified that appellant gave the certificates to her in 1908 and that nothing in particular was said about them until 1910, when appellant said that he would give them to her to pay on and that they would be hers: "He said for me to take the policies and take care of them and they would be mine. He said if I would pay the premiums he would give them to me, he had no means to pay them himself." She further testified that from 1910 to the present time she had paid each and all payments as they fell due on the certificates out of moneys that she had received from her father's estate.

There was a direct conflict of testimony between the parties and the jury, who were the judges of the credibility of the witnesses, having evidently given credence to the evidence of appellee rather than to that of appellant, the only real question involved upon this appeal is as to whether or not appellee's evidence is in law sufficient to sustain the verdict.

One of appellee's pleas and some of the instructions given to the jury at her request were on the theory that appellee held the certificates as a pledge to secure the repayment of the assessments paid by her,

but the jury having found in answer to the special interrogatory that appellant did not deliver to appellee the certificates as a pledge, that question is out of the case so far as this appeal is concerned and the judgment if upheld must be upheld upon other grounds.

It is contended by appellant that where a person becomes a member of a mutual benefit association and a certificate of insurance is issued to him that the member has the right to the possession of the certificate, and that the beneficiary has no vested right in the contract of mutual benefit insurance. It is undoubtedly the general rule that during the lifetime of a member of a mutual benefit association the beneficiary named in the certificate of insurance does not have a *vested,* but only a contingent, right therein and that the member has a right without the consent of the beneficiary to change the beneficiary at his pleasure without the consent of the beneficiary. *Columbian Circle v. Auslander,* 302 Ill. 603; *Delaney v. Delaney,* 175 Ill. 187; *Voigt v. Kersten,* 164 Ill. 314; *Harden v. Harden,* 191 Ky. 331, 230 S. W. 307; *Thomas v. Locomotive Engineers' Mut. Life & Accident Ins. Ass'n,* 191 Iowa 1152, 183 N. W. 628. There are however exceptions to the general rule.

In discussing this rule in 19 R. C. L. 1294, it is said:

"One notable exception to this rule, however, is that where the existing beneficiary was designated as such in return for a valuable consideration, the member cannot change the designation thus made without the consent of such beneficiary. A clause in the charter of a benefit society, which attaches the beneficial interest in the insurance to membership in the society, and permits the member to change the beneficiary or payee of the insurance at any time without the latter's consent, does not prevent the making of a contract by which a vested interest will pass to the designated beneficiary, which will compel the society to recognize him as the one entitled to the proceeds of the certificate."

In *McGrew v. McGrew,* 190 Ill. 604, it is said:

"The law is well settled in this State that a member of a fraternal beneficiary society, where no intervening rights have attached, may at his pleasure surrender his benefit certificate and have a new certificate issued and designate therein a new beneficiary, and that a beneficiary has no vested rights in the certificate during the life of the member by reason of the fact that he has been named as a beneficiary in such certificate. (*Martin v. Stubbings,* 126 Ill. 387; *Benton v. Brotherhood of Railroad Brakemen,* 146 Ill. 570; *Voigt v. Kersten,* 164 Ill. 314; *Delaney v. Delaney,* 175 Ill. 187.) While at law said certificate is not assignable, in equity a beneficial interest may be transferred therein, which will be protected by a court of chancery. (*Royal Arcanum v. Tracy,* 169 Ill. 123.) In this case, McGrew caused the appellee, his daughter, to be named in the second certificate as beneficiary, delivered the certificate to her, and agreed with her that upon his death she was to be paid back the amount which she had advanced to him, from the moneys received from said society upon said certificate. After this agreement was made, the money paid and the certificate delivered to appellee, as between McGrew and appellee he had no right to surrender said certificate and have a new one issued in lieu thereof, made payable to the appellant."

In *Supreme Council Royal Arcanum v. Tracy,* 169 Ill. 123, it is said:

"While a certificate like the one in question is not assignable at law, all beneficial interest therein may be transferred in equity. Equitable rights may be acquired in a beneficial certificate which may be enforced in a court of equity. (Bispham's Principles of Equity, chap. 8, 162-167.)"

In *Ptacek v. Pisa,* 231 Ill. 522, it is said:

"Appellants claim that while a certificate such as the one here in question is not assignable at law, still all beneficial interest therein may be transferred in equity, and that such equitable rights may be enforced in a court of equity. This doctrine is upheld in *Royal*

*Arcanum v. Tracy,* 169 Ill. 123; *McGrew v. McGrew, supra,* and *Jarvis v. Binkley,* 206 Ill. 541; also in Bacon on Benefit Societies, sec. 306a; *Kimball v. Lester,* 43 N. Y. App. Div. 27, and *Smith v. N. B. Society,* 123 N. Y. 85.

"Appellees claim that the doctrine laid down in those decisions just cited from this State is not the law here now, because the statute as to mutual benefit societies has been changed since the majority of these decisions were rendered. We do not agree with this contention."

In 29 Cyc. 128, it is said:

"Equities may exist in favor of the original beneficiary which will preclude the member from substituting a new beneficiary who has no equity superior to that of the person originally designated. * * * An equity in favor of the original beneficiary precluding the substitution of another in his place may rest on a contract between him and the member, based on a sufficient consideration, by which he is to receive the benefits. Thus if a member designates a beneficiary, or, having designated a beneficiary, delivers the certificate to him, on an agreement that he shall receive the benefits, in consideration of past advances made by him, or present or future advances, or in consideration of his promise to pay dues and assessments, which promise is fulfilled, the member cannot thereafter substitute a different person as beneficiary."

In *Smith v. National Ben. Soc.,* 123 N. Y. 85, 25 N. E. 197, the Supreme Court of New York said:

"Where the right of the payee has no other foundation than the bare intent of the member, revocable at any moment, there can be no vested interest in the named beneficiary any more than in the legatee of a will before it takes effect. But the statute does not prevent a contract between the parties by force of which a vested interest does pass."

In *Locomotive Engineers' Mut. Life & Accident Ins. Ass'n v. Waterhouse* (Tex. Civ. App.), 257 S. W. 304, the Texas Court of Appeals said:

"Appellees say that although the insured in a mutual benefit association has the right to change the beneficiary at will, nevertheless, when for a valuable consideration he designates a certain beneficiary, and by implication agrees that such beneficiary shall not be changed, he cannot thereafter change so as to defeat her rights.

"The appellees' counter proposition next above is sustained by weight of authority."

In *Harden v. Harden, supra,* the Supreme Court of Kentucky held that the certificate of membership in a mutual benefit association was a chose in action and that to constitute a valid, completed gift of the certificate by the member, either the certificate or something representative thereof must be delivered to the donee or to someone else as the agent of the donee.

In 3 Am. & Eng. Ency. of Law 993 it is said:

"Where the member, upon taking out the certificate, makes an agreement with the beneficiary that the latter should pay the assessments, and that no substitution should be made, the beneficiary, upon performing this agreement, acquires a vested right."

In *Jory v. Supreme Council American Legion of Honor,* 105 Cal. 20, 38 Pac. 524, the Supreme Court of California said:

"We know of nothing in the law which deprives a person contemplating membership in a mutual benefit association from so contracting with the proposed beneficiary as that, when such certificate is issued, equities in favor of the beneficiary are born, of such merit that the insured member has no power to defeat them. The few authorities shedding light upon this question declare the rights of the beneficiary are such as to create a vested interest in the proceeds of the certificate."

In *Grimbley v. Harrold,* 125 Cal. 24, 57 Pac. 558, the Supreme Court of California, in a case where the insured had entered into an agreement with the beneficiary whereby she became such beneficiary pursuant to an agreement with the member that she would pay

all future assessments and take care of him and that he would not change the beneficiary, said:

"Decisions of the courts of other states differ regarding the effect to be given to the contract of a member in societies such as the Ancient Order of United Workmen, whereby he assumes to dispose of his interest in the beneficiary fund of the order, virtually the proceeds of a policy of life insurance; but the question is hardly an open one here, so strong have been the intimations of this court that such a contract, when valid and not in conflict with the lawful conditions upon which the order grants the insurance, is effectual as against the subsequent attempt of the member to violate or annul it; and this must be held to be the law. *Jory v. Supreme Council,* 105 Cal. 20, 29, 38 Pac. 524; *Adams v. Grand Lodge,* 105 Cal. 325, 38 Pac. 914; *Hoeft v. Supreme Lodge,* 113 Cal. 91, 45 Pac. 185; *Leaf v. Leaf,* 92 Ky. 166, 17 S. W. 354, 854; *Smith v. Society,* 123 N. Y. 85, 25 N. E. 197; *Maynard v. Vanderwerker* (Sup.) 24 N. Y. Supp. 932."

In *Brett v. Warnick,* 44 Ore. 511, 75 Pac. 1061, the Supreme Court of Oregon said:

"So, if a member by valid contract assumes to dispose of his interest in the beneficial fund of the order, virtually the proceeds of the certificate of insurance, and agrees not to change the beneficiary, in consideration of the payment by the beneficiary of all dues and assessments against such member, if not in conflict with the lawful conditions upon which the order grants the insurance, it is effectual as against the subsequent attempt of the member to annul it. *Clarke v. Police, etc., Ins. Board,* 123 Cal. 24, 55 Pac. 576. The doctrine appeals to us as reasonable and sound."

In *Columbian Circle v. Mudra,* 298 Ill. 599, the supreme court of this State said:

"The rule in this State is, that while the assured may, in the absence of intervening equities, change at will the beneficiary named in his insurance policy, equitable rights may be acquired in a beneficiary certificate of insurance which a court of equity will recognize and enforce. (Bispham's Eq. 162; *Royal Ar-*

*canum v. Tracy*, 169 Ill. 123; *McGrew v. McGrew*, 190 Ill. 604.) If there was an agreement between the assured and appellee that she should receive a beneficial interest in the certificate of insurance upon and by reason of payments by her of the premiums, dues or assessments, such contract was binding on the assured and deprived him of the right to change the beneficiary without appellee's consent.''

In *Sipe v. Sipe*, 102 Kan. 742, 173 Pac. 13, the Supreme Court of Kansas said:

''It has already been determined by this court that:

'' 'Where a husband agrees that if his wife will help to pay the assessments upon a certificate in a mutual benefit association in her favor he will not change the beneficiary, and in consequence of such agreement she makes a part of the payments thereon, using for the purpose what are in fact the proceeds of her own labor outside of her ordinary household duties, she cannot be displaced as such beneficiary without her consent. *Savage v. Modern Woodmen*, 84 Kan. 63, 3d par. Syl., 113 Pac. 802, 33 L. R. A. (N. S.) 773.'

''The defendant undertakes to distinguish the present case on the ground that the agreement that the wife was to pay the assessments was made after the certificate had been held for some years, instead of prior to or at the time of its issuance. There obviously can be no difference in principle based on that distinction.''

In 3 R. C. L. Supp. 1011, it is said: ''A vested interest in a certificate issued by a mutual benefit association may be created after its issuance, as well as at that time, by an agreement on the part of the member not to change the beneficiary, in consideration of the payment of assessments.''

When the evidence in the present case is tested by the rules laid down in the foregoing authorities it is evident that as the jury believed the testimony given by appellee as to the circumstances under which she became possessed of the certificate in question and

that she had paid all assessments thereon since 1910 (which their verdict shows they must have believed), then in law appellee had a vested interest in said certificates and was entitled to retain possession of the same against the demand of appellant.

The judgment of the circuit court is therefore affirmed.

*Affirmed.*