### Dorothy Kaemmerer et al. v. Mary V. Kaemmerer et al.

1. FRATERNAL BENEFIT SOCIETY—*effect where beneficiary designated not in existence at the time of member's death.* Where the beneficiary designated by the member is not in existence at the time of the member's death, and there are persons in existence who are eligible, the fund is held in trust for those of the eligible who stand first in order, and where an eligible class consists of more than one person, then all persons embraced within that class shall take the fund share and share alike. Eligibility is limited by the statute, and the order of eligibility must be the order in which eligible classes are named in the statute, unless otherwise properly and clearly designated.

2. FRATERNAL BENEFIT SOCIETY—*how by-laws of, construed.* By-laws of a fraternal benefit society are to be so construed as to give them prospective operation only. They should not be allowed to operate retrospectively only when the intention to give them such operation is clear and undoubted.

Bill of interpleader. Appeal from the City Court of East St. Louis; the Hon. W. J. N. MOYERS, Judge, presiding. Heard in this court at the February term, 1907. Reversed and remanded. Opinion filed September 13, 1907.

M. MILLARD, for appellants.

W. M. VANDEVENTER, for appellees.

MR. PRESIDING JUSTICE CREIGHTON delivered the opinion of the court.

This was a bill of interpleader by appellee, Modern Woodmen of America, filed in the City Court of East

St. Louis, against Mary V. Kaemmerer, Pink A. Kaemmerer, Dorothy Kaemmerer, Pearl Kaemmerer, George Kaemmerer, Lottie Kaemmerer, Edna Kaemmerer and Bertha Kaemmerer.

The bill avers that the complainant, Modern Woodmen of America, is a fraternal beneficiary society, incorporated, organized and doing business under and by virtue of the laws of the State of Illinois; that on the third of May, 1894, it issued a benefit certificate to Hartmann Kaemmerer for the sum of $2,000, in which his wife, Kate Kaemmerer, is designated as beneficiary; and that she died in December, 1895; that on July 13, 1899, he married Pink A. Kaemmerer; that he obtained a divorce from her and on December 31, 1903, married Mary V. Kaemmerer; and that he died on the sixth day of October, 1904. His benefit certificate remained as first issued, payable to his first wife, Kate Kaemmerer, up to the date of his death, a period of almost nine years.

He left him surviving, Dorothy Kaemmerer, Pearl Kaemmerer, George Kaemmerer, Lottie Kaemmerer and Edna Kaemmerer, children by his first wife, Kate, who is named as beneficiary in the certificate; Pink A., his divorced wife, who sets up no claim to the fund; Mary V., his third wife, and Bertha, a child by her.

Mary V. Kaemmerer claims the fund as widow of Hartmann Kaemmerer, the deceased member; Pink A. Kaemmerer was defaulted, and all the other parties claim as members of the family and as children and heirs of the deceased member.

The law of this state, as we understand it, is: "Where the beneficiary designated by the member is not in existence at the time of the member's death, and there are persons in existence who are eligible, the fund is held in trust for those of the eligible who stand first in order, and where an eligible class consists of more than one person, then, all persons embraced within that class shall take the fund, 'share

and share alike.'" Supreme Lodge Knights and Ladies of Honor v. Menkhausen, 106 Ill. App. 665.

Eligibility is limited by the statute, and the order of eligibility must be the order in which eligible classes are named in the statute, unless otherwise properly and clearly designated.

The statute of 1893 provides: "Payment of .death benefits shall only be paid to families, heirs, blood relatives, affianced husband or affianced wife or to persons dependent upon the member."

Counsel for appellee contend that sec. 42 of the by-laws, in force at the time of Kaemmerer's death, clearly designates the order of eligibility, and places the widow first. That by-law is as follows:

"Sec. 42. If Beneficiary Dies, Disposition of Benefits: In the event of the death of the beneficiary prior to the death of a member, and upon failure of such member to designate another beneficiary, then the amount to be paid under the Benefit certificate shall be payable to the other surviving beneficiaries, if any there be, or if no beneficiaries survive him, then to the wife of such Neighbor, if she survive him, and in case he has no surviving wife, to his legal heirs."

The above quoted by-law was first adopted in 1901. Prior to that time there was no by-law which provided for disposition of the fund when the designated beneficiary had died before the member, and the member had failed to designate another beneficiary. "That was the first provision made for such contingency."

The question is, does this by-law apply to the facts of this case. In this connection it must be borne in mind that Kaemmerer, the deceased member, received his certificate of membership, in which he designated his first wife, Kate Kaemmerer, as beneficiary, on May 3, 1894, after the act of 1893 went into effect; that Kate Kaemmerer, the beneficiary named in that certificate, died in December, 1895; that sec. 42 of the by-laws relied upon by appellee was not adopted until 1901, and that this by-law contains nothing indicating that it was intended to be retroactive.

"The laws and rules of a benefit society should be subject to the same course of construction that is applied to statutes. They both should be so construed as to give them prospective operation, and they should be allowed to operate retrospectively only when the intention to give them such operation is clear and undoubted." Benton v. Brotherhood of Railroad Brakemen, 146 Ill. 570; Cigar Makers' International Union of America v. Huecker, 123 Ill. App. 336; People v. Hummel, 215 Ill. 43 (46); Voigt v. Kersten, 164 Ill. 314; Hansen v. Meyer, 81 Ill. 321. We are of opinion that sec. 42 of the by-laws, above quoted, is not applicable in this case.

Under the facts of this case we hold that the fund in question is payable to those who constituted the family of Hartmann Kaemmerer, the deceased member, at the date of his death, and that such persons are entitled to equal portions thereof, "share and share alike." And we find that said family at said date consisted of the following named persons: Dorothy Kaemmerer, Pearl Kaemmerer, George Kaemmerer, Lottie Kaemmerer, Edna Kaemmerer, children by the first wife, Kate Kaemmerer, deceased, and Mary V. Kaemmerer, the third wife, and Bertha Kaemmerer, child by the third wife, Mary V. Kaemmerer.

The decree of the Circuit Court is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*