## Amanda V. Burr, Appellee, v. Royal League, Appellant.

## Gen. No. 6,008.

INSURANCE, § 810*—*when subsequent eligibility entitles beneficiary to proceeds of certificate.* In an action to recover on a certificate of insurance, it appeared that the application and the certificate named one as beneficiary as the wife of the insured, whereas she was affianced but not married to him and ineligible as beneficiary under the laws of the insurer. After her marriage to the insured, a change in the laws rendered affianced wives eligible. The laws of the insurer also provided that a change in beneficiaries could only be made on application to the insurer, but no such application was made by the insured. *Held* that the beneficiary was entitled to recover.

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed March 9, 1915. Rehearing denied April 7, 1915.

BUSBY, WEBER, MILLER & ROBINSON and ARTHUR J. DONOVAN, for appellant.

CHARLES C. SPENCER, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

Under date of April 14, 1887, Charles P. Burr signed an application for membership in Calumet Council No. 24, a subordinate council of the Royal League, a beneficiary society, in which application he designated as his beneficiary "Amanda Virginia Burr, related to me as wife." Under date of July 13, 1887, said society issued to Burr a certificate payable at his death to "Amanda V. Burr wife," upon satisfactory evidence of the death of the member in good standing. Burr died on February 15, 1914, in good standing in the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

order. Mrs. Burr made proofs of death and payment was not made to her. She brought this suit upon the certificate and filed a declaration thereon, to which the Royal League filed a plea of nonassumpsit, accompanied by a stipulation by the parties that it might make all defenses under said plea which it could make under any special pleas. A jury was waived, the cause was tried upon a stipulation as to the facts and a very little oral testimony. The society offered a proposition of law to the effect that Mrs. Burr was never designated as the beneficiary and is not entitled to recover. The court refused that proposition and found the issues for plaintiff and entered a judgment for her for the amount of the certificate and interest. The society appeals.

The sole defense is that at the date of the application and of the certificate, Mrs. Burr was not the wife of Charles P. Burr, but only his affianced wife. She married him in 1889, and thereafter lived with him as his wife until his death. The stipulation contains numerous extracts from the laws and rules of the order. Therefrom it appears that at the time this certificate was issued, an affianced wife was not eligible as a beneficiary and did not become eligible until 1893. The member had a right to change the beneficiary, but was required to apply to the society for such change. Burr never applied to the society for a change of the beneficiary. Long before said amendment of 1893, Mrs. Burr had become his wife. This was Burr's second marriage. His first wife died, either in 1878 or 1879. They had two daughters. Before she died, the first wife gave these daughters to the father and mother of Charles P. Burr, who were people of considerable financial means. From that time on they never lived with Burr and were never afterwards dependent upon him. Appellant contends that by the laws of the order, this certificate is payable to them. At the time this certificate was issued, his

daughters were not members of his family and were not dependent upon Burr and therefore were not eligible to become beneficiaries and did not become eligible until an amendment many years later. If, therefore, Mrs. Burr cannot recover because she was not eligible to be a beneficiary when the certificate was issued and because it has never been changed since then, by similar reasoning and on the same authorities the appellant, if sued by the daughters, could successfully claim that the daughters could not recover, and the society might thus escape liability entirely under the certificate upon which Burr paid the dues and assessments for twenty-seven years. If the society were sincere in the statement in the brief that it is ready to pay this certificate to the proper party, its good faith would have been more manifest if it had filed a bill of interpleader and brought both the wife and the daughters into court and obtained an order to pay the money into court and be discharged, and leave those interested parties to litigate between themselves as to the ownership of the fund. There is nothing in this record to show that the daughters claim the fund or would litigate this matter against the widow.

We are cited to cases in other jurisdictions sustaining the right of the widow to the fund under circumstances similar to those existing here, and to other cases holding the contrary, and also to cases in this State containing language favorable to the widow and other like cases favorable to the society. Without discussing these, we are of the opinion that the fair implication to be drawn from *National Union v. Keefe,* 263 Ill. 453, when considered in connection with the fuller statement of the facts in the same case in 172 Ill. App. 101, is that this judgment is right. In that case, the Appellate Court held that James E. Keefe, who was a brother of the member and designated as the beneficiary in the certificate, was eligible to be a beneficiary when the certificate was issued and also

when the member died. The Supreme Court, at the outset of its opinion, held that James E. Keefe was not eligible when the certificate was issued. If the position of appellant here is sound, that disposed of the case and there was no occasion to say any more, but the court occupied several subsequent pages in demonstrating that James E. Keefe was not eligible to be a beneficiary when the member died. We understand this to mean that that was a controlling element in the case. *Murphy v. Nowak*, 223 Ill. 301, is authority for the proposition that such a certificate is testamentary in its character and speaks at the death of the member, and it is a fair inference therefrom that if a party fills the description in the certificate at the death of the member he is protected thereby and entitled to recover thereon. The judgment is affirmed.

*Affirmed.*