616 APPELLATE COURTS OF ILLINOIS.

DeBenio et al. v. Catholic Order of Foresters, 194 Ill. App. 616.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

STREET RAILROADS, § 97*—*when evidence shows negligence in crossing before car*. In an action to recover for personal injuries caused by being struck by a rapidly moving electric street car, a verdict finding plaintiff not guilty of contributory negligence *held* not justified by the evidence, where plaintiff's own testimony shows that at the time of the accident he was not in the exercise of due care for his own safety, as it appears that while on the west side of the street, and seeing such car rapidly approaching, he nevertheless started to cross to the east side of the street, and in so doing attempted to pass in front of such car, although he knew he would be struck by the car unless its speed was checked; and such conduct is not rendered less negligent by other testimony tending to show that plaintiff's companions, who were standing on the east side of the street near a "stop-ball," had signaled said car to stop thereat, which said car was bound to do on such signal, in consequence of which plaintiff testified that he expected the speed of said car to "slack up."

---

## Rosina De Benio and Angelina De Benio, Appellees, v. Catholic Order of Foresters, Appellant.

### Gen. No. 20,872.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915. Rehearing denied October 15, 1915.

### Statement of the Case.

Action by Rosina De Benio and Angelina De Benio, plaintiffs, against the Catholic Order of Foresters, defendant, in the Municipal Court of Chicago, to recover on a benefit certificate issued by defendant to Fran-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

cesco De Benio for $2,000, payable on death of insured to plaintiffs, the beneficiaries named therein. From a judgment of $2,100 for plaintiffs, defendant appeals.

It appeared, in substance, that plaintiffs, at the time of death of insured, were his "wife and daughter," as they were described in the certificate, and in insured's application for membership in defendant's society. But at the time of such application, plaintiff Rosina and insured were living in adultery. Prior to death, insured secured a divorce from his wife, and contracted a valid marriage with plaintiff Rosina, and continued to live with her until death. Insured continuously remained a member of defendant's society until death, and was in good standing therein, defendant being ignorant of the facts aforesaid.

The defense, in substance, was that insured, in making application for membership in defendant's society, made false statements as to facts which were material to the risk, in that he stated in said application: "I direct in case of my decease that all benefit to which I may be entitled * * * shall be paid to: $1,000 Rosina—Angelina $1,000 each, dependent upon me as, the first my wife and second my daughter."

The defense also went on the ground that said application contained an agreement that "any untrue or fraudulent statement" or "any concealment of facts" made therein should operate to "forfeit the rights of myself and my family, or dependents, to all benefits and privileges therein."

It was stipulated that proofs of death were duly made, and that if plaintiffs recovered they should recover $2,100, being the amount of benefit provided in the certificate, with interest.

EDMUND S. CUMMINGS, for appellant.

BROWN & NAVIGATO, for appellees.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

## Abstract of the Decision.

INSURANCE, § 821*—*when policy not avoided by false description of beneficiary.* In an action to recover on a benefit certificate issued by defendant, a fraternal beneficiary society, the member falsely represented as his wife one of the beneficiaries named therein who in reality was a woman with whom insured was living in adultery, which false statement was also incorporated in the policy, but where insured contracted a legal marriage with such beneficiary prior to his death, a judgment for plaintiffs for $2,100, the amount of the certificate, with interest, *held* not erroneous, for the reason that statements in such certificates as to the relation which the designated beneficiary bears to insured are *descriptio personae*, not affecting the designation if the beneficiary is otherwise eligible, and because where the eligibility of a beneficiary depends on such beneficiary's sustaining a particular relation to insured, such eligibility is determinable as of the time of death of insured, and so determined, such statement was true.

---

## Nathan K. Aranoff, Appellant, v. Adolph Major, Appellee.

### Gen. No. 20,875.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JOHN M. O'CONNOR, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed October 5, 1915.

## Statement of the Case.

Bill by Nathan K. Aranoff, complainant, against Adolph Major, defendant, in the Superior Court of Cook county, to enjoin defendant from negotiating or transferring three promissory notes of $1,500 each, and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.