## Modern Woodmen of America, Appellee, v. J. A. Scott, Appellee. Iva Scott and Roscoe Scott, Appellants.

1. INSURANCE, § 837*—*when payment of premiums on mutual benefit certificate does not create debt.* Payments of premiums on a mutual benefit insurance policy by strangers thereto, in accordance with an agreement with the beneficiary, to which the insured was not a party, are but voluntary payments, and do not make the insured a debtor to those so making such payments, and thus do not create a beneficial interest in such policy.

2. ABATEMENT AND REVIVAL, § 50*—*when right of action terminated by death of party to agreement.* An agreement between a beneficiary in an insurance policy and others not beneficiaries, to which agreement the insured was not a party, whereby the parties thereto were to pay certain proportions of the premiums and in return receive proportionate shares of the proceeds of the policy, while enforceable in equity as between the parties, had the parties survived the insured, *held* terminated by the death of the beneficiary before that of the insured.

3. INSURANCE, § 837*—*when insured not bound by agreement between beneficiary of mutual benefit certificate and third persons.* An insured under a mutual benefit life insurance certificate, on which he has paid the premiums, is not bound by an agreement, to which he was not a party, between the beneficiary and others as to the distribution of the proceeds of the policy.

4. INSURANCE, § 825*—*what does not constitute deprival of right*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*to change beneficiary of mutual benefit certificate.* Voluntary payments of premiums by those not beneficiaries under a mutual benefit life insurance certificate do not deprive the insured of the right to change the beneficiary therein.

5. INSURANCE, § 830*—*what are rights of third persons making voluntary payment of mutual benefit insurance premiums.* Voluntary payments of premiums by persons not named as beneficiaries in a mutual benefit life insurance certificate give them no vested equitable interest therein.

6. INSURANCE, § 825*—*when by-law of fraternal benefit society as to change of beneficiary valid.* A by-law of a fraternal benefit society declaring that any attempt to change the payee of benefits under a certificate by will or otherwise than by compliance with such by-law shall be void, *held* reasonable and binding upon the insured, so as to render an attempted disposition by will of part of such benefits, otherwise than as provided by such certificate, of no avail.

7. INSURANCE, § 837*—*when proceeds not part of estate of insured.* Money payable by virtue of a mutual benefit life insurance certificate, in which is named a beneficiary other than the estate of the insured, does not become a part of the estate of the insured, and cannot become the subject of testamentary disposition.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1915. Affirmed in part, reversed in part and remanded with directions. Opinion filed April 21, 1916.

HILL & BULLINGTON, for appellants; GILLESPIE & FITZGERALD, of counsel.

ROBERT H. PATTON, for appellee.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

The Modern Woodmen of America filed a bill of interpleader in the Circuit Court of Sangamon county in which it averred that on February 21, 1887, it issued to Warren D. Scott a benefit certificate in the sum of $3,000, payable, subject to the terms and conditions thereof, to his wife, Priscilla Scott; at the request of

said Warren D. Scott the certificate was thereafter on July 14, 1913, changed and a new certificate was issued payable to J. A. Scott, son of the said Warren D. Scott, which said new certificate was in lieu of the former one; said Warren D. Scott died April 18, 1914, and that the sum of $3,000, is now due and payable to whoever is entitled thereto; said J. A. Scott has commenced an action at law to recover said sum of $3,000, which action is now pending; one Roscoe Scott, a minor, claims that he has an interest in the said sum of $3,000; said complainant is unable to determine to whom and in what proportion the said sum of $3,000 should be paid.

A guardian *ad litem* was appointed for Roscoe Scott, who, by leave of court, filed a cross-bill, naming the Modern Woodmen of America, J. A. Scott, Bird Scott and Iva Scott parties defendant thereto. Subsequently an interlocutory order was entered finding that the Modern Woodmen of America had paid the sum of $3,000 into court, and ordering the benefit certificate to be canceled and complainant dismissed out of the case.

It appears that Warren D. Scott, the insured, paid all the assessments and dues on the certificate from the date when it was issued in 1887 to January 6, 1894, at which time Priscilla Scott, his wife and beneficiary in the certificate, and his sons, J. A. Scott, B. B. Scott and D. A. Scott, entered into a written agreement by which Priscilla Scott agreed and covenanted with the three sons, collectively and separately, that at the death of Warren D. Scott, when she received the $3,000 by virtue of said certificate, she would with her said sons invest said money in real estate from which she was to receive the income during her life and at her death said estate was to descend to the three sons, respectively, in equal parts. The three sons on their part agreed to pay all dues and assessments on the certificate from the 6th day of January, 1894, until

the death of Warren D. Scott. The agreement further provided that in case any of the sons should fail to pay his one-third share of all the dues and assessments, his right and interest in said real estate should descend to the other brother or brothers who should pay said share. The instrument is signed by Priscilla Scott and by the three sons, J. A., B. B. and D. A. Scott.

It will be noted that the father, Warren D. Scott, the insured, was not a party to this agreement. B. B. Scott ceased paying his share of the dues and assessments many years before the death of Warren D. Scott, and his share thereof from the time he ceased making the payments was paid by the insured. Priscilla Scott, the mother and beneficiary, died in October, 1905. D. A. Scott died intestate June 14, 1913, leaving Roscoe Scott, his son, and Iva Scott, his widow. D. A. Scott had paid his share of the dues and assessments up to May, 1913, and his widow in July, 1913, sent a draft for $5 to Warren D. Scott to pay her husband's share of the dues and assessments then due, which the latter refused to receive and returned to her.

On July 14, 1913, Warren D. Scott caused a new certificate to be issued in which J. A. Scott was named as beneficiary, and from that time until Warren D. Scott died, on the 18th day of April, 1914, all dues and assessments were paid by the said J. A. Scott. Warren D. Scott died testate and in his will was the following provision: "Fourth, I request my son, Jesse A. Scott, if and when he shall make collection of the benefit certificate issued to me by the Modern Woodmen of America, to place Five Hundred Dollars ($500.00) thereof out at interest, and if and when my grandson, Roscoe Scott, shall become twenty-one years of age, and appear at the home of said Jesse A. Scott in person and apply therefor, to pay said sum with accumulated interest to said Roscoe Scott, and to no other person."

The chancellor entered a decree finding that J. A. Scott was entitled to the amount of the certificate with the exception of $500, which he ordered J. A. Scott to hold as trustee for, Roscoe Scott subject to the terms, provisions and requirements of the will of Warren D. Scott. The appellant, Roscoe Scott, claims that the court erred in not decreeing that he was entitled to one-third the amount of the certificate, or $1,000, and appellee J. A. Scott has filed cross errors to the effect that the court erred in decreeing that he should hold $500 of the amount in trust for Roscoe Scott and in not ordering that the costs be taxed against appellants.

The cross bill of Roscoe Scott is based upon the theory that as his father, D. A. Scott, and appellee, Jesse A. Scott, had made the payments of the dues and assessments on the certificate mentioned, they obtained a beneficial interest therein, and their intervening rights having attached, the insured, Warren D. Scott, could not lawfully change the beneficiary and exclude them of their interests. This contention cannot be sustained. Warren D. Scott, the insured, was not a party to the written agreement, and while he acquiesced in the payment by his sons of the dues and assessments on this certificate, such payments were but voluntary and did not make him a debtor to those who paid them. *Grand Lodge A. O. U. W. v. Ehlman,* 246 Ill. 555. Priscilla Scott, the original beneficiary, undoubtedly had a right to make a contract with her three sons in regard to her expectancy under the certificate which would be enforced in equity, but her death in 1905 terminated that agreement. *Jarvis v. Binkley,* 206 Ill. 541. The facts in this case are clearly distinguishable also from those in cases in which reimbursement of dues or assessments paid has been allowed out of the amount of a beneficiary certificate, such payment having been made by a person named as a *beneficiary* with the expectation of receiving the fund itself, when, in fact, the person so named was not eligible as beneficiary. (*Royal Ar-*

*canum v. Tracy*, 169 Ill. 123; *McGrew v. McGrew*, 190
Ill. 604; *Royal Arcanum v. McKnight*, 238 Ill. 349.)
Priscilla Scott, the original beneficiary, under the
agreement with her sons, paid no dues or assessments.
After her death there was no beneficiary for nearly
eight years, and during this period of time the dues
and assessments were paid by Warren D. Scott, the
insured, J. A. Scott and D. A. Scott. The insured was
not bound by any agreement that his beneficiary, Pris-
cilla Scott, might have made with her sons to which
he was not a party, and, in any event, that agreement
was terminated by the death of Priscilla Scott. The
fact that after her death two sons voluntarily paid a
portion of the dues and assessments on the certificate,
during a time when there was no beneficiary, would not
deprive the insured of the control of his certificate nor
bar him from appointing a new beneficiary therein.
*McGrew v. McGrew*, 190 Ill. 604; *Murphy v. Nowak*,
223 Ill. 301; *Ptacek v. Pisa*, 231 Ill. 522. The mere
voluntary payment of a portion of the dues and assess-
ments on this certificate by the sons of the insured gave
them no vested equitable interest or rights therein,
and the insured was at liberty to name J. A. Scott as
his beneficiary in the new certificate.

Section 45 of the by-laws of the Modern Woodmen of
America provides, among other things, as follows:
"Any attempt by a member to change the payee of the
benefits of his benefit certificate by will or other testa-
mentary document, contract, agreement, assignment or
otherwise than by strict compliance with the provisions
of this section relating to change of beneficiary, shall
be absolutely null and void."

We think that the chancellor erred in holding that
the fourth clause of the will was effective in establish-
ing a trust fund of $500 for the benefit of Roscoe Scott.
The by-law above mentioned is reasonable and binding
upon the insured. The clause of the will is an attempt
on the part of the insured to add another beneficiary

to his certificate without complying with the by-laws of the association in relation to the manner in which the beneficiary may be changed. The by-laws of the association set out what steps must be taken to change a beneficiary. The insured cannot change the beneficiary by will contrary to the by-laws of the association, which form a part of his contract of insurance. Moreover, the money payable by virtue of a certificate or policy of insurance, in which is named a beneficiary other than the estate of the insured, does not become a part of the estate of the insured (*Martin v. Modern Woodmen of America*, 253 Ill. 400), and consequently could not become subject to testamentary disposition. The cross error of appellee as to this part of the decree must be sustained.

The part of the decree which finds that J. A. Scott is entitled to the proceeds of the certificate in question is affirmed and that part of the decree which creates a trust fund out of $500 of the proceeds thereof in favor of Roscoe Scott is reversed, and the cause is remanded with directions to enter a decree giving J. A. Scott the whole amount of said certificate in his own absolute right, less the costs in the Circuit Court, the costs in this court to be taxed against appellants.

*Affirmed in part, reversed in part and remanded with directions.*