# Pike County Mutual Life Association et al., Appellees, v. Cloa Berry, Appellant.

1. INSURANCE, § 836*—*when divorced wife does not take proceeds of beneficiary policy.* Under a beneficiary policy issued for the benefit of the wife and children of a member who was unmarried at the time, the intended beneficiaries were those who at the time of the death of the insured sustained the relation to him of wife and children; and therefore decedent's wife at the time of his death, and not his divorced wife, took the part intended for the wife.

2. INSURANCE, § 836*—*when divorced wife not entitled to recover back dues paid by her.* The payment of dues made by a divorced wife after the divorce upon a benefit insurance policy issued for the benefit of the wife and children of her former husband, were not made with the expectation of receiving any part of the fund herself, but were voluntarily made in the interest of her children; and therefore she was not entitled to recover back the amount so paid, in the bill of interpleader in question.

3. INSURANCE, § 836*—*when divorced wife entitled to recover back dues paid by her.* Dues paid by a wife up to the time of her divorce upon a benefit policy issued upon the life of her husband in favor of his wife and children, without naming them, were awarded to her in the bill of interpleader in question, in which the wife living at the time of the insured's death was held entitled to take the share of the wife.

4. INSURANCE—*how proceeds of life policy payable to wife and children divided.* Under a life insurance policy payable to the wife and children of the insured, the beneficiaries take equally, per capita.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 29, 1919.

MARSH & RICE, for appellant.

W. E. WILLIAMS and A. CLAY WILLIAMS, for appellees.

MR. JUSTICE WAGGONER delivered the opinion of the court.

The appellee, Pike County Mutual Life Association, is a fraternal beneficiary society organized and doing business for the purpose of furnishing life indemnity to its members. On March 15, 1904, it issued a beneficiary certificate to George C. Berry, one of its members, who at that time was unmarried, but the certificate designated the wife and children of the member as beneficiaries, and provided for the payment, at the death of the insured, of an amount not to exceed $2,000, to the wife and children, if living, if not, to the legal heirs of the insured. On June 21, 1904, George C. Berry was married to Adelle Retalic and to them were born two children, both of whom are minors, and represented in this suit by Adelle Berry, their guardian. Adelle Berry remained the wife of George C. Berry until April 25, 1914, at which time she obtained a decree of divorce. George C. Berry on September 8, 1916, was married to appellant. No change of beneficiaries was ever made in the certificate. George C. Berry died July 29, 1917, leaving Adelle Berry, a divorced wife, appellant, Cloa Berry, his widow, Thomas R. Berry and Marjorie M. Berry, his children.

At the death of the insured, appellant, claiming to be entitled to one-third of the amount of said certificate, brought suit in the circuit court of Warren county, Illinois, against the Pike County Mutual Life

Association, to recover the same. Adelle Berry, individually and as guardian of Thomas R. Berry and Marjorie M. Berry, brought a similar suit in the circuit court of Pike county, Illinois, to recover the whole of said certificate.

With these two suits pending, appellee, Pike County Mutual Life Association, filed a bill of interpleader setting up the facts, making all interested parties defendants, asking that defendants interplead, settle and adjust their demands among themselves; further asking permission to bring the sum of $2,000 into court for the benefit of such of the defendants as the court determined was entitled thereto, and that the defendants be restrained by injunction from the further prosecution of said actions at law.

The trial court found, among other things, that under a provision of the constitution of the Pike County Mutual Life Association a change in beneficiaries may be made by a member in good standing; that no such change was made by George C. Berry; that assessments amounting to $75.19, and dues amounting to $18, on said benefit certificate from June, 1908 to July 29, 1917, the date of the death of George C. Berry, were paid by Adelle Berry, and that when Adelle Berry procured a divorce she was no longer a beneficiary under the terms of said certificate, and entered a decree directing the payment of $93.19 to Adelle Berry, as reimbursement for the dues and assessments paid by her, and the rest, residue and remainder of the said benefit fund be paid to Adelle Berry as guardian of Thomas R. Berry and Marjorie M. Berry. The decree required the appellant to pay the cost of suit, and she appealed to this court.

In the argument of this case, counsel for the respective parties agree that the two questions for determination are whether or not Adelle Berry is entitled to be reimbursed out of the benefit certificate

in question for dues and assessments paid by her, and whether or not Cloa Berry is entitled to any part of the benefit fund. Appellee's answer to the first question is that Adelle Berry is entitled to be reimbursed out of the benefit fund to the extent of all dues and assessments paid by her, from June, 1908 to the death of George C. Berry, amounting to $93.19. Appellant's contention is that she is not entitled to receive anything for payments made subsequent to April 25, 1914, the date of the decree of divorce.

The benefit certificate is not payable to Adelle Berry but to the "wife and children" of the insured. When the divorce was granted she ceased to be George C. Berry's wife and no longer bore the relation to him that is specified in the certificate and no longer had an interest in it. Any payment of dues, after the divorce, certainly were not made by Adelle Berry with the expectation of receiving any part of the fund itself, but were voluntarily made in the interest of her children. The mere voluntary payment of dues and assessments does not give a vested equitable interest or any right in the proceeds of the benefit certificate. *Modern Woodmen of America v. Scott*, 201 Ill. App. 144 (148).

In reference to the second question for determination, counsel for appellees take the position that after Adelle Berry is reimbursed the remainder of the fund should be divided between the two children, while opposing counsel maintain that, after proper reimbursement to Adelle Berry is made the remainder of the fund should be divided among appellant and the two children by giving one-third to each of them.

In the benefit certificate under consideration, the beneficiaries are not named but described. At the time of its issuance they did not exist. The intended beneficaries are described as those who at the time of the death of the insured sustain the relation to him of wife and children. If none such were living, then

to his legal heirs. Who are the beneficiaries is determined at the death of the insured. (*De Benio v. Catholic Order of Foresters,* 194 Ill. App. 616; *Burr v. Royal League,* 193 Ill. App. 238.) The insured died leaving appellant, Cloa Berry, his wife, Thomas R. Berry and Marjorie M. Berry, his children, who are described in the benefit certificate as beneficiaries, and are therefore entitled to the fund the same as if they had been specifically named therein.

Under the facts in this case we hold that of the funds in question, Adelle Berry should receive the amount of dues and assessments paid by her prior to April 25, 1914, and that Cloa Berry, Thomas R. Berry and Marjorie Berry are each entitled to one-third of the remainder. Under a life insurance policy payable to the wife and children of the insured, the beneficiaries take equally, per capita. (*Felix v. Grand Lodge Ancient Order United Workmen,* 31 Kan. 81, 47 Am. Rep. 479; *Kaemmerer v. Kaemmerer,* 137 Ill. App. 28; *Sauerbier v. Union Cent. Life Ins. Co.,* 39 Ill. App. 620.)

The decree of the circuit court is reversed and the cause remanded with directions to ascertain the amounts due the above-named persons as herein indicated, and to enter a decree directing the payment thereof without cost to appellant.

*Reversed and remanded with directions.*